■ ILENE L. FLAUM, Individually and as Coadministrator of the Estate of BERNARD P. BIRNBAUM, Deceased, et al., Respondents, v SAUL I. BIRNBAUM, Appellant, and JAY B. BIRNBAUM, Respondent.—Order unanimously modified, on the law, by striking the paragraph directing defendant Saul I. Birnbaum to place $502,500 in an escrow account and, as modified, affirmed, without costs. Memorandum: Plaintiff Ilene Flaum commenced an action against defendant Saul Birnbaum seeking an accounting and various forms of injunctive relief. The complaint alleged that although Ilene Flaum owns a 25% interest in Cherry Hill Shopping Center, located in New Jersey, she has not received her share of the profits from the venture. She also alleged that defendant, who owns a 50% interest in the shopping center, has made commitments to expand the shopping center, borrowed substantial sums using the property as collateral, entered into an unknown number of leases for the property, and has disbursed in excess of $500,000 to himself and his wife from profits of the shopping center.

Following a hearing, Special Term granted a preliminary injunction, enjoining defendant from expending revenues from the property and ordering defendant to furnish the court and plaintiff's counsel with any lease, contracts or commitments relating to the shopping center by July 10, 1985. On July 18, 1985, defendant requested an extension of the time until

August 1, 1985 to produce these required documents. However, on July 28, 1985, defendant simultaneously turned the documents over to the court and moved for a protective order prohibiting disclosure of these documents to plaintiff or, in the alternative, for a preliminary injunction prohibiting plaintiff from interfering in any way with the ongoing contractual commitments related to the Cherry Hill property. Plaintiff cross-moved for what was denominated contempt. Preliminarily, we note that Special Term correctly treated plaintiff's cross motion as one for pendente lite injunctive relief. The cross motion did not comply with the notice requirement of Judiciary Law § 756, plaintiff did not request a finding of contempt, and in an affidavit supporting the cross motion, plaintiff's attorney specifically stated that plaintiff was not seeking punishment for contempt by way of a fine or imprisonment (Judiciary Law § 770; *Couture v Garland,* 105 AD2d 1158, *appeal dismissed* 64 NY2d 1040). The affidavit supporting the cross motion clearly indicates that plaintiff was seeking an order requiring defendant to comply with the court's previous disclosure order, deposit all shopping center revenues in an account with cosignature requirements, and refund the sum of $502,500, distributed to defendant and his wife, to the shopping center account. Special Term denied defendant's motion for a protective order in toto and granted plaintiff's cross motion to the extent that it ordered that all revenues from Cherry Hill be deposited in an account with Citibank with cosignature requirements, and ordered defendant to deposit $502,500 into an escrow account pending further order of the court. Defendant's contentions that the court lacked jurisdiction to find him in contempt without holding an evidentiary hearing are without merit. The court did not find defendant in contempt, nor did it impose sanctions for contempt. The court merely granted plaintiff relief on her cross motion.

The court properly ordered defendant to place all proceeds from the shopping center into an account with cosignature requirements. Temporary injunctive relief, granted to protect a business where ownership is in dispute and operational control is in the hands of one of the disputants, is in the discretion of the court *(see, R & J Bottling Co. v Rosenthal,* 40 AD2d 911) and should not be disturbed unless that discretion has been abused *(Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306).

However, the court abused its discretion by ordering defendant to deposit the sum of $502,500 into an escrow account. The disbursement of these funds to himself and his wife was

made by defendant before plaintiff commenced the instant action. Injunctive relief should be prospective in nature and should not ordinarily be granted to operate on an act already accomplished (12 Carmody-Wait 2d, NY Prac, Injunctions, § 78:2, at 8-9). Also, there are no allegations that defendant is insolvent. Plaintiff has an adequate remedy at law if the sum distributed to defendant and his wife was in derogation of plaintiff's rights (see, Grant Co. v Srogi, 52 NY2d 496, 517; Grogan v Saint Bonaventure Univ., 91 AD2d 855). (Appeal from order of Supreme Court, Monroe County, Boehm, J.—protective order.) Present—Doerr, J. P, Boomer, O'Donnell, Pine and Schnepp, JJ.