(December 24, 2001)

■ BRUCE D. ALLEN et al., Respondents, v MICHAEL J. POLLACK et al., Appellants. [735 NYS2d 147] —In an action, *inter*

*alia,* to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Oliver, J.), dated April 20, 2000, as amended by subsequent order of the same court dated December 22, 2000, which, among other things, granted the plaintiffs' motion for a preliminary injunction and enjoined them from paying themselves compensation for the years 1998 and 1999 in excess of the compensation paid to them in 1997, directed that any such excess compensation previously paid from the commencement of the action through 1999 be repaid to the Bellport Animal Hospital, P. C., enjoined them from paying themselves a bonus in any year in which the Bellport Animal Hospital, P. C., reported a loss, and directed that any excess funds of the Bellport Animal Hospital, P. C., be held in an interest-bearing bank account.

Ordered that the order, as amended, is modified by deleting the provision thereof requiring the defendants to repay to the Bellport Animal Hospital, P. C., any excess compensation previously paid from the commencement of the action through 1999; as so modified, the order, as amended, is affirmed, without costs or disbursements.

The Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which sought a preliminary injunction (*see, Harbor View Assn. v Sucher,* 237 AD2d 488, 490). However, injunctive relief should be prospective, and ordinarily should not be granted to operate on acts already performed (*see, Flaum v Birnbaum,* 115 AD2d 1004, 1005). There is no allegation that Bellport Animal Hospital, P. C., is insolvent, and the plaintiffs have an adequate remedy at law if the portions of salary at issue were improperly paid. Therefore, the Supreme Court erred in requiring the defendants to repay excess compensation, as defined in the order, which was paid to them before the granting of the injunction (*see,* CPLR 6301).

The defendants' remaining contentions are without merit. Santucci, J. P., McGinity, Luciano and Adams, JJ., concur.