STEPHEN SOMOZA, Appellant, v SAMUEL J. PECHNIK et al., Respondents. (Action No. 1.) SAMUEL J. PECHNIK et al., Appellants, v MAXLOGER CORP. et al., Respondents. (Action No. 2.) (And Another Action.) [772 NYS2d 2]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered on or about October 29, 2002, which denied plaintiff Somoza's motion for partial summary judgment in Action No. 1, and granted the Pechnik plaintiffs' motion for summary judgment in Action No. 2 with enforcement stayed pending determination in Action No. 1, unanimously modified, on the law, to vacate the stay in Action No. 2, and otherwise affirmed, without costs.

There are several issues of fact in Action No. 1 regarding the stock purchase agreement, the consulting agreement and the promissory notes signed by Somoza, justifying denial of that plaintiff's motion for summary judgment. However, the pendency of that action did not warrant a stay of the execution of judgment in Action No. 2, since Somoza's claims for a setoff are not inextricably intertwined with or inseparable from the issues involved in Action No. 1 (*Banco do Estado de Sao Paulo v Mendes Jr. Intl. Co.*, 249 AD2d 137 [1998]). A stay of one action pending the outcome of another is appropriate only where the decision in one will determine all the questions in the other, and where the judgment in one trial will dispose of the controversy in both actions; this requires a complete identity of parties, cause of action and the judgment sought (*Pierre Assoc. v Citizens Cas. Co. of N.Y.*, 32 AD2d 495, 497 [1969]). Here, the two actions arise from discrete agreements for the sale of two separate businesses, and the contracting parties are not identical. Concur—Tom, J.P., Williams, Marlow and Gonzalez, JJ.