(June 8, 2004)

■ CHARLES Cox et al., on Behalf of Themselves and All Others Similarly Situated, Respondents-Appellants, v MICROSOFT CORPORATION, Appellant-Respondent, et al., Defendants. [778 NYS2d 147]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 17, 2003, which, insofar as appealed from, denied defendant Microsoft's motion to dismiss plaintiffs' second cause of action for deceptive acts and practices under General Business Law § 349 and the class action relief sought thereunder, and granted such motion to the extent of dismissing plaintiffs' fourth cause of action for unjust enrichment, unanimously modified, on the law, to the extent of denying Microsoft's motion to dismiss the fourth cause of action for unjust enrichment, said cause of action is reinstated, and, as so modified, affirmed, without costs.

A cause of action under General Business Law § 349 is stated by plaintiffs' allegations that Microsoft engaged in purposeful, deceptive monopolistic business practices, including entering into secret agreements with computer manufacturers and distributors to inhibit competition and technological development, and creating an "applications barrier" in its Windows software that, unbeknownst to consumers, rejected competitors' Intel-compatible PC operating systems, and that such practices resulted in artificially inflated prices for defendant's products and denial of consumer access to competitors' innovations, services and products (*see Zurakov v Register.Com, Inc.*, 304 AD2d 176, 180-182 [2003]).

We also reject Microsoft's argument that plaintiffs are not entitled to class action relief under General Business Law § 349 since the statutorily prescribed $50 minimum damages to be awarded for a violation of that section constitutes a "penalty" within the meaning of CPLR 901 (b). Inasmuch as plaintiffs in their amended complaint expressly seek only actual damages, the motion court correctly found CPLR 901 (b), which prohibits class actions for recovery of minimum or punitive damages, inapplicable (*see Ridge Meadows Homeowners' Assn. v Tara Dev. Co.*, 242 AD2d 947 [1997]; *Super Glue Corp. v Avis Rent A Car Sys.*, 132 AD2d 604, 606 [1987]).

However, the motion court erroneously dismissed plaintiffs' cause of action for unjust enrichment, holding that, as indirect purchasers of Microsoft's software products, plaintiffs only indirectly bestowed a benefit upon Microsoft. Contrary to such reasoning, plaintiffs' allegations that Microsoft's deceptive practices caused them to pay artificially inflated prices for its products state a cause of action for unjust enrichment (*cf.*

*Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 117 [1990], *lv denied* 77 NY2d 803 [1991] ["It does not matter whether the benefit is directly or indirectly conveyed"]). Finally, Microsoft's end-user license agreements with its prime customers, the computer manufacturers and distributors, insulate it only from product defect claims, not consumer injury complaints predicated upon claims of monopolistic and deceptive conduct. Concur—Tom, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.