128

■ Adrienne Papp et al., Appellants, v Raymond Debbane, Respondent. [790 NYS2d 450]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 31, 2003, which, inter alia, granted defendant's motion to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, without costs.

This action, commenced while another action brought by plaintiffs against defendant based on the same facts was pending, was properly dismissed pursuant to CPLR 3211 (a) (4). We note, in any event, that the complaint states no cognizable claim. Plaintiff Papp's reliance upon provisions of the Human Rights Law of the City and of the State of New York (Administrative Code of City of NY § 8-502; Executive Law § 290) in seeking redress for defendant's alleged mistreatment of her in a personal and business context not involving an employment relationship, or any other sphere of concern under the cited human rights provisions, is unavailing. Plaintiffs' fraud claims are not pleaded with the requisite particularity (*see* CPLR 3016 [b]) and are premised upon representations of future intent that are nonactionable since there is no allegation that would support an inference that the representations were made with a present intention that they would not be carried out (*see Lanzi v Brooks*, 43 NY2d 778, 779-780 [1977]). Also insufficiently pleaded under CPLR 3016 (b), and in any event time-barred since they were not brought within the three-year statutory period here applicable since only monetary relief is sought (*see Deutsch v Polly N. Passonneau, P.C.*, 297 AD2d 571, 572 [2002]), are plaintiffs' claims for breach of fiduciary duty.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Ellerin, Williams and Sweeny, JJ.