■ DONALD P. FEWER, Respondent, v GFI GROUP INC. et al., Appellants. [873 NYS2d 580]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered July 29, 2008, which, insofar as appealed from, granted plaintiff's motion pursuant to CPLR 2201 for a stay of the action pending resolution of a related arbitration proceeding, unanimously reversed, on the law and the facts, with costs, the motion denied, and the stay vacated.

Plaintiff former employee executive commenced this action for constructive discharge based on an employment agreement, and defendants asserted counterclaims for, inter alia, damages arising from alleged conversion of confidential information and the "raiding" of defendants' personnel. In granting that branch of plaintiff's motion to stay the instant action (*Fewer* action) pending the outcome of an arbitration proceeding commenced by his former employer (employer arbitration), the motion court exercised its discretion in an improvident manner.

Although certain of the parties in the *Fewer* action and the employer arbitration are closely related, the issues and claims that underlay the two matters are not inextricably interwoven such that the arbitration determination could resolve the issues in the *Fewer* action (*see Somoza v Pechnik*, 3 AD3d 394 [2004]; *compare Belopolsky v Renew Data Corp.*, 41 AD3d 322 [2007]). An award in the employer arbitration finding there to be a conspiracy to take the employer's assets (i.e., confidential information, clients and employees) would not necessarily be made as to plaintiff, who is not a party to that proceeding and may not have a full and fair opportunity to contest such issues. Furthermore, the counterclaims in the *Fewer* action, unlike the employer's claims in the employer arbitration, do not assert a

formal conspiracy claim and, as such, plaintiff's alleged liability under the counterclaims does not rely upon evidence of conspiracy potentially to be determined in the employer arbitration.

Even with the rendering of an award in the employer arbitration that would resolve the issues raised therein, the material issues raised in the *Fewer* action would still remain unresolved, namely, whether plaintiff had been constructively discharged and whether he breached his employment agreement. Under these circumstances, continuing the stay of the *Fewer* action would neither serve to aid judicial efficiency nor avert inconsistent holdings (*see e.g. Mt. McKinley Ins. Co. v Corning Inc.*, 33 AD3d 51, 58-59 [2006]; *Corbetta Constr. Co. v Driscoll Co.*, 17 AD2d 176, 179 [1962]). Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Renwick, JJ.