■ MAP MARINE LIMITED, Respondent, v CHINA CONSTRUCTION BANK CORP., Defendant, and BANCA MONTE DEI PASCHI DI SIENA SPA, Appellant. (And a Third-Party Action.) [895 NYS2d 352]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered August 14, 2009, awarding plaintiff the principal sum of $5,950,000 on a letter of credit, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered July 2, 2009, which granted plaintiff's motion for summary judgment against defendant Banca Monte, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Banca Monte, the advising and transferring bank, failed to raise an issue of fact with respect to its assertion that the presentment documents necessary for plaintiff to draw on its transfer letter of credit were fraudulent (*see generally Mennen v J.P. Morgan & Co.*, 91 NY2d 13, 20-21 [1997]). Plaintiff's conduct in seeking a change in the letter of credit to reflect that it was for the shipping service rather than for the cargo, and in seeking rapid payment, was properly found reasonable in the context of the shipping industry and in relation to its charter agreement with a nonparty. Plaintiff did not improperly attempt to seek payment despite knowledge that more extensive documentation was required under the letter of credit issued in favor of the purchaser of the cargo, inasmuch as the obligations under plaintiff's letter of credit and the underlying sale of the cargo were independent (*id.*). Banca Monte failed to raise an issue of fact with respect to the alleged falsity of the documentation presented by plaintiff. The authoritativeness of the Web site on which Banca Monte relied regarding the location of plaintiff's vessel was questionable and not an appropriate subject of judicial notice (*see Hotel Empls. & Rest. Empls.*

*Union, Local 100 of N.Y., N.Y. & Vicinity, AFL CIO v City of N.Y. Dept. of Parks & Recreation*, 311 F3d 534, 549 [2d Cir 2002]). The invoice for payment upon "delivery" of the vessel meant unambiguously, as set forth in a treatise excerpt submitted by Banca Monte, that payment was due for the availability of the vessel, not for its having been loaded or having completed its journey.

The court properly exercised its discretion in denying a stay of the action in favor of an earlier-commenced federal arbitration proceeding, since the action had progressed to the point of determining liability while the arbitration was still in its infancy (*cf. NAMA Holdings, LLC v Greenberg Traurig, LLP*, 62 AD3d 578, 579 [2009]); moreover, the requisite identity of parties and issues was lacking (*see Somoza v Pechnik*, 3 AD3d 394 [2004]; *see also Fewer v GFI Group Inc.*, 59 AD3d 271 [2009]).

Although plaintiff's motion was made soon after service of the answer, Banca Monte's claimed need for discovery reflects but a "mere hope," which is ineffectual in forestalling summary disposition (*see Moran v Regency Sav. Bank, F.S.B.*, 20 AD3d 305, 306 [2005]).

We have considered Banca Monte's other contentions and find them unavailing. Concur—Friedman, J.P., Catterson, Acosta, DeGrasse and Abdus-Salaam, JJ.