(July 20, 2010)

■ MARYANNE FLETCHER, Appellant, v BOIES, SCHILLER & FLEXNER, LLP, et al., Respondents, et al., Defendants. [906 NYS2d 212]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 19, 2009, insofar as appealed from as limited by the briefs, dismissing the complaint as against defendants Boies, Schiller, Flexner, Hayes, Haazen, Lewicky and Boies, Schiller & Flexner, LLP, unanimously modified, on the law, to reinstate the first and third causes of action as against defendants Boies, Schiller & Flexner, LLP and Andrew Hayes, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered December 26, 2008, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Plaintiff, a fashion model, pleaded that a prominent agency mismanaged her and lost or withheld her crucial portfolio; that she had evidence of a scheme involving bogus expenses charged by that agency against other models; that images of her were profitably used by a large retail chain, wrongfully and without her authorization, via a subsidiary; and that a second agency had interfered with bookings that would have earned her $275,000, and instead booked another model for those jobs.

Plaintiff further pleaded that, when she consulted the Boies Schiller law firm and met with defendant Hayes, she was persuaded to turn over a large body of self-gathered evidence and told that her claims were worth large, specified amounts, and that the firm, and defendant Hayes concealed a conflict of interest between her and existing classes in state and federal actions; excluded her from the federal class action; subordinated her interests to those of other class members; participated lackadaisically in settlement discussions; and failed to timely file a claim in a crucial bankruptcy proceeding while successfully prosecuting the claim of the federal class.

The complaint should not have been dismissed insofar as it pleaded two causes of action for malpractice. Plaintiff has pleaded that, but for defendants' malpractice in failing to advise her properly, she "would have avoided some actual ascertainable damage" (see IMO Indus. v Anderson Kill & Olick, 267 AD2d 10, 11 [1999]), including sufficient detail as to the "nature of" the underlying claim (see Reid v Druckman, 309 AD2d 669, 670 [2003]). She need not, at this early stage, offer a detailed pleading to support her quantifying her alleged loss (see Proskauer Rose Goetz & Mendelsohn v Munao, 270 AD2d 150, 151 [2000]).

All of the remaining causes of action pressed on appeal were properly dismissed. Plaintiff implicitly concedes that she pleaded no wrongdoing by the individual defendants-respondents other than Hayes, and it is no answer to state that she would have used discovery in an attempt to discover facts showing those defendants to be potentially liable. Her fraud claim was properly dismissed as it was "premised upon representations of future intent that are nonactionable since there is no allegation that would support an inference that the representations were made with a present intention that they would not be carried out" (*see Papp v Debbane*, 16 AD3d 128 [2005]).

Plaintiff's cursory request for leave to replead was properly denied because there was no proposed pleading accompanied by an affidavit of merit (*see HT Capital Advisors v Optical Resources Group*, 276 AD2d 420 [2000]). Plaintiff's argument that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3211 [d]), is improperly made for the first time on appeal (*see Copp v Ramirez*, 62 AD3d 23, 31 [2009], *lv denied* 12 NY3d 711 [2009]). With no request made to Supreme Court, plaintiff has never made the necessary showing that there is a reasonable basis for her belief that facts essential to opposing dismissal may exist (*see Putter v North Shore Univ. Hosp.*, 7 NY3d 548, 554 [2006]). Concur—Gonzalez, P.J., DeGrasse, Freedman, Manzanet-Daniels and Román, JJ.