■ MAP MARINE LIMITED, Respondent, v CHINA CONSTRUCTION BANK CORP., Defendant, and BANCA MONTE DEI PASCHI DI SIENA S.P.A., Appellant. (And a Third-Party Action.). [913 NYS2d 156]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered May 27, 2010, which denied defendant Banca Monte dei Paschi di Siena S.p.A.'s (Banca Monte) motion to vacate the judgment, same court and Justice, entered August 14, 2009, awarding plaintiff judgment in the principal sum of $5,950,000, unanimously affirmed, with costs.

In this action, MAP Marine Ltd., the disponent owner of a vessel, seeks to recover on a $5,950,000 transfer letter of credit against the issuer's advising and transferring bank, Banca Monte. This sum is based on money due pursuant to a time charter of the vessel between MAP and a nonparty and includes a daily usage fee, a "ballast bonus" to compensate MAP for the return portion of the trip, and a "bunkers on delivery" charge for the amount of fuel on board at the time of delivery.

Shortly after answering the complaint, MAP moved for summary judgment in its favor. In opposition, Banca Monte asserted, inter alia, that it was likely that MAP "undoubtedly mitigated any damages" via a subsequent charter, "may have even been paid a ballast bonus" and "seized upon an opportunity to obtain payment for multiple ballast voyages" and sought an opportunity to conduct discovery. MAP's motion for summary judgment was granted and the ensuing judgment was affirmed by this Court. On the prior appeal, we found that the letter of credit "was for the shipping service" and "[t]he invoice for payment upon 'delivery' of the vessel meant unambiguously . . . that payment was due for the availability of the vessel, not for its having been loaded or having completed its journey" (70 AD3d 404, 404-405 [2010]).

After completion of the record on the prior motion, MAP provided Banca Monte with documentation that included details of the payment of a ballast bonus and a bunkers on delivery charge made pursuant to the subsequent time charter of the vessel. This evidence is not material and would not have changed the result reached on the prior motion as Banca Monte's present argument, that a judgment in the full amount of the letter of credit constituted a double recovery, was previously raised and rejected.

Accordingly, the trial court did not abuse its discretion in finding that Banca Monte had not established entitlement to a

vacatur of the judgment (*see* CPLR 5015 [a]; *Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan, Inc.*, 226 AD2d 102 [1996]). Concur—Tom, J.P., Saxe, Friedman, Sweeny and Abdus-Salaam, JJ.