■ LAWRENCE A. GOLDSTEIN et al., Respondents, v 12 BROADWAY REALTY LLC, Appellant. [933 NYS2d 247]—

The motion court properly interpreted the disputed sections of the lease as requiring the appraisers to value the land as vacant and unimproved, with no restrictions affecting its use (*see New York Overnight Partners v Gordon*, 88 NY2d 716, 721-722 [1996]). Reversal is not required on res judicata grounds. Indeed, neither the so-ordered stipulation in the first action nor the court's prior orders construed the disputed terms of the lease. Although the court had previously determined that the issue of the selection of a third appraiser was premature, it properly searched the record and resolved the issue sua sponte in this case in order to avoid further litigation and delay (*see* CPLR 3212 [b]). Because the record shows that the designated entity under the lease no longer performs the service of selecting neutral appraisers, the motion court providently exercised its discretion in declaring that REBNY should select a third appraiser, in the event one is necessary. Concur—Tom, J.P., Saxe, Sweeny, Richter and Manzanet-Daniels, JJ.