■ AJW PARTNERS, LLC, et al., Appellants, v ADMIRALTY HOLDING COMPANY, Formerly Known as RUBY MINING COMPANY, et al., Defendants, and HERBERT C. LEEMING, Respondent. [940 NYS2d 569]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered March 11, 2011, which granted defendant Leeming's motion to dismiss the complaint as against him, unanimously affirmed, with costs.

Plaintiffs allege that Leeming, an officer of both defendant Admiralty Holding Company (AHC) and defendant Undersea Recovery Corporation (URC), knew about plaintiffs' security agreements with AHC when he allowed AHC to enter into a license agreement with URC, and therefore knew that the license agreement would constitute a breach of the security agreements between plaintiffs and AHC. These allegations fail to state a cause of action against Leeming for tortious interference with contract or fraudulent conveyance based on the acts of either AHC or URC. As to tortious interference with contract, there are no allegations that Leeming's procurement of the breach was malicious; that the URC license was not in the best interests of both URC and AHC; that Leeming received any personal benefit other than the benefit he received as an officer of both companies; or that Leeming acted outside the scope of his employment in entering into the URC license agreement (*see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978]). As to fraudulent conveyance, there are no factual allegations that give rise to an inference that Leeming, as an individual engaged in any conduct, to avoid payment to, or defraud, plaintiffs (*see Wall St. Assoc. v Brodsky*, 257 AD2d 526, 529 [1999]).

Plaintiffs contend that the motion court erred in failing to address their request for leave to replead. However, there is no indication in the record that plaintiffs actually made such a request. In any event, the record contains no proposed pleading and no affidavit of merit (*see Fletcher v Boies, Schiller & Flexner, LLP*, 75 AD3d 469, 470 [2010]).

We have considered plaintiffs' remaining arguments and find

them unavailing. Concur—Tom, J.P., Saxe, Acosta, DeGrasse and Román, JJ.