■ FOOK CHEUNG LUNG REALTY CORP., Plaintiff, v YANG TZE RIVER REALTY CORP. et al., Defendants. (And Third Party Actions.) J&A CONCRETE CORP. et al., Third Third-Party Plaintiffs-Respondents, v QBE INSURANCE CORPORATION, Third Third-Party Defendant-Appellant. [942 NYS2d 342]—

Order and judgment, Supreme Court, New York County (Joan A. Madden, J.), entered April 27, 2010, granting J&A Concrete Corp.'s motion for summary judgment declaring that QBE Insurance is obligated to defend and indemnify it in an underlying property damage action, unanimously affirmed, with costs.

J&A provided its insurer with notice of plaintiff's property damage claim within a reasonable time (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]). J&A made a prima facie showing on its motion through the affidavit of its vice president stating the date that J&A arrived at the construction site and the extent of its duties and denying knowledge of the property damage until J&A's receipt of an attorney's letter in May of 2007, coupled with the deposition testimony of

plaintiff's president regarding the date he first noticed the damage, which was before J&A's arrival. QBE's claim in opposition that J&A had knowledge of the damage before May of 2007 failed to raise an issue of fact, as evidence of conversations between plaintiff's president and a representative of the general contractor working at the adjoining premises and of complaints to the Department of Buildings would not necessarily have put J&A on notice, and it is mere conjecture that J&A was in fact told by others of the damage. QBE's claimed need for discovery to oppose the motion reflected an ineffectual mere hope (*see MAP Mar. Ltd. v China Constr. Bank Corp.*, 70 AD3d 404 [2010]). In view of the foregoing, we also find that the determination as to the duty to indemnify was not premature. Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2010 NY Slip Op 30986(U).]**