Order, Supreme Court, New York County (Louis B. York, J.), entered February 7, 2012, which imposed a sua sponte stay of this action pending a decision on the ownership of the stock shares in question by the High Court of India, and granted plaintiffs motion for a preliminary injunction enjoining defendant from transferring the shares pending the outcome of this action, unanimously modified, on the law, to vacate the stay of this action and remand to the IAS court to determine an appropriate undertaking for the injunction, and otherwise affirmed, without costs.
It was error for the IAS court to sua sponte impose a stay of this action, as no party requested that relief, and defendant, who would have benefited from the stay, did not even make a motion, cross motion or other application for relief (see HCE Assoc. v 3000 Watermill Lane Realty Corp., 173 AD2d 774, 774-775 [2d Dept 1991]). Further, resolution of the issues in the related Indian litigations would not be determinative of the dispute here (see Somoza v Pechnik, 3 AD3d 394 [1st Dept 2004]).
Plaintiff satisfied the requirements for a preliminary injunction barring the transfer of the stock shares (see Doe v Axelrod, 73 NY2d 748, 750 [1988]). Plaintiff demonstrated a likelihood of success on the merits (see id.), as the writings of the parties seem to include all material terms of the agreement for a sale of the shares (see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589-590 [1999]). Plaintiff s claim for specific performance is not barred by laches, as defendant did not affirmatively change his position in reliance on plaintiffs alleged delay in seeking relief and could have sought the transfer of shares himself at any time (see Martin v *617 Briggs, 235 AD2d 192, 199 [1st Dept 1997]). Further, defendant has not shown any prejudice by the delay, given that the corporation’s board must still approve the transfer of shares and there is no indication that the existing board does not provide adequate protections. Nor do we have to decide whether defendant’s statute of limitations defense bars plaintiffs claim at this time. Indeed, defendant concedes that discovery is required to determine the issue.
Plaintiff, who is engaged in a battle for corporate control, has shown that he would be irreparably harmed by a sale of the shares to someone else (see Doe, 73 NY2d at 750), and that a balance of equities tips in his favor (id.). Defendant cannot complain of the burden of a preliminary injunction, as he says he has no intention of selling the shares.
Although the IAS court’s decision and order were cursory in their treatment of the merits of plaintiffs motion, there is no authority to vacate the order on that ground (cf. CPLR 6312 [c]). However, the IAS court should have provided for an undertaking for the injunction, pursuant to CPLR 6312 (b). The matter is therefore remanded for the IAS court to determine the amount of the undertaking. Concur—Gonzalez, P.J., Friedman, Moskowitz, DeGrasse and Freedman, JJ.