OPINION OF THE COURT
Saliann Scarpulla, J.
In this putative class action, plaintiff Ligia Pires seeks damages and injunctive relief based on the defendant’s alleged violation of Arts and Cultural Affairs Law § 25.30 (1) (c), which requires certain operators of places of entertainment to sell paperless tickets that can be independently and freely transferred. The defendant, The Bowery Presents, LLC, moves to dismiss the complaint based on CPLR 3211 (a) (7). In the alternative, Bowery moves, pursuant to CPLR 2201, to stay this action pending the resolution of a related arbitration, and for attorney’s fees.
In the complaint, Pires alleges that she purchased a ticket from Bowery, via the Ticketmaster website, to attend a performance of the “The Temper Trap” at the Bowery Ballroom on March 28, 2012.[1] At the time that Pires purchased the ticket, the website stated that tickets for this event were “non-transferable” and “can only be picked up at the will call on the night of the show.”
*707 Pires alleges that, a day before the event, she attempted to transfer her ticket to a friend by contacting Ticketmaster. However, she was allegedly informed by Ticketmaster that the ticket could not be transferred, and that only she could use the ticket to attend the event. Pires alleges that Bowery never issued any tickets at the will call box on the night of the show, but instead admitted people to the event by checking their identification cards at the door against a list of people who originally purchased tickets.
Pires argues that Bowery violated Arts and Cultural Affairs Law § 25.30 (1) (c) by employing a paperless ticket system that did not give her the option to purchase a paperless ticket, or another form of ticket, that could be independently transferred as required under the statute.[2] Pires further alleges that Bowery is engaged in an ongoing practice of violating Arts and Cultural Affairs Law § 25.30 (1) (c). Pires seeks, on behalf of herself and others similarly situated, actual damages and an injunction to restrain Bowery from any further violation. The proposed class is comprised of persons who purchased tickets between July 2, 2010 and June 28, 2013 from Bowery, or its agents, for entertainment events in New York where Bowery employed a paperless ticketing system without the option to purchase a ticket that could be independently and freely transferred.
In the current motion, Bowery argues that the complaint should be dismissed because Pires does not have standing to assert her claim. Bowery contends that Pires presents no case or controversy because she does not allege any direct injury. According to Bowery, Pires only alleges a derivative injury to her friend who was unable to attend the concert. Bowery also argues that Pires could not have suffered any pecuniary harm to recover actual damages because she did not attempt to resell her ticket.
Bowery also claims that Pires’s claim for an injunction is moot because the event already occurred, and Pires’s allegations that Bowery is continuing to violate Arts and Cultural Affairs Law § 25.30 (1) (c) are vague and speculative. Lastly, Bowery argues that CPLR 901 (b) bars class actions under Arts *708 and Cultural Affairs Law § 25.30 (1) (c), and that Pires may not waive the statutory minimum level of recovery in order to maintain the class action.
In the alternative, Bowery seeks to stay this action pending the resolution of a consolidated arbitration before Justice Betty W. Ellerin at JAMS.[3] Bowery argues that staying this action would serve the interests of judicial economy because the claimants in the consolidated arbitration seek the same injunctive relief as Pires, and any injunctive award issued against Ticketmaster at arbitration would effectively preclude Bowery from any further violation of Arts and Cultural Affairs Law § 25.30 (1) (c). Bowery contends that it would be bound by the arbitration award because Ticketmaster retains the right to sell tickets to Bowery’s events.
In opposing the motion, Pires contends that she adequately alleges a direct injury and actual damages, based on the violation of her right to transfer her ticket. Pires also claims that she adequately alleges continual wrongdoing to support her claim for an injunction, and that this case should not be dismissed for mootness because it is capable of repetition and evades review.
Further, Pires claims that CPLR 901 (b) does not bar this class action because she waived her right to the statutory minimum amount of recovery, and she seeks only actual damages on behalf of the class, and any class member has the right to opt out of the class.
Pires also opposes a stay in this action on the grounds that any arbitration award will not bind Bowery because neither she nor Bowery are parties to the arbitration. She further argues that Bowery should be judicially estopped from seeking to invoke any arbitration because it obtained a permanent stay of the arbitration that Pires originally commenced against Bowery. In the event that the court dismisses the complaint, Pires seeks leave to replead.
Discussion
In 2010, the legislature amended the Arts and Cultural Affairs Law to include provisions governing the sale of paperless tickets to entertainment events. Paperless tickets allow at *709 tendees of an event to purchase a ticket on a website, and gain admittance to the event by verifying their identity upon arrival, rather than by handing in a paper ticket. (Elizabeth Block, Practice Commentaries, McKinney’s Cons Laws of NY, Book 3B, Arts and Cultural Affairs Law, tit G, art 25 at 211.)
To ensure that paperless tickets can be freely and independently transferred, the legislature passed Arts and Cultural Affairs Law § 25.30 (1) (c), which prohibits any operator of a place of entertainment, or its agent, from employing a paperless ticketing system “unless the consumer is given an option to purchase paperless tickets that the consumer can transfer at any price, and at any time, and without additional fees, independent of the operator or operator’s agent.” If an operator employs a paperless ticketing system that does not allow for independent transferability, the operator must provide “an option at the time of initial sale to purchase the same tickets in some other form that is transferrable independent of the operator or operator’s agent including, but not limited to, paper tickets or e-tickets.” (Arts and Cultural Affairs Law § 25.30 [1] [c].)
A consumer injured by a violation of Arts and Cultural Affairs Law § 25.30 (1) (c) “may bring an action in his or her own name to enjoin such unlawful act, an action to recover his or her actual damages or fifty dollars, whichever is greater, or both such actions” and may also be awarded reasonable attorney’s fees as a prevailing plaintiff. (Arts and Cultural Affairs Law § 25.33.)
I. Standing
In its motion to dismiss, Bowery first argues that the complaint should be dismissed because Pires does not allege any direct injury, but only a derivative injury to her friend. Bowery contends that Pires’s injury consists solely of the disappointment to her friend who was unable to attend the event because the ticket could not be transferred.
Based on the allegations in the complaint, Pires has standing to assert her claim. Pires adequately alleges a direct injury — a violation of her statutory right under Arts and Cultural Affairs Law § 25.30 (1) (c) to purchase a paperless ticket, or another type of ticket, that can be freely and independently transferred. Pursuant to Arts and Cultural Affairs Law § 25.33, a consumer who is injured by such a violation has the right to commence a private action to seek actual or statutory damages, and an injunction. Because Pires alleges a violation of a statutory right, and that right is accorded a remedy, Pires suf *710 ficiently states a direct injury under Arts and Cultural Affairs Law § 25.30 (1) (c). (Black’s Law Dictionary [9th ed 2009], injury [an “injury” is defined as the “violation of another’s legal right, for which the law provides a remedy”].)
Although Bowery characterizes Pires’s injury as derivative, her injury is not derivative. An injury is deemed to be indirect or derivative “when the loss arises solely as a result of injuries sustained by another party.” (Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc., 3 NY3d 200, 207 [2004].) Here, Pires’s loss was not merely a loss suffered by her friend who was unable to attend the event, as Bowery contends. Pires alleges a personal, direct loss when the ticket that she purchased was rendered useless because she could not transfer the ticket as required by law.
I also reject Bowery’s argument that Pires has no claim for damages because she did not attempt to resell the ticket. In the complaint, Pires alleges that she purchased a ticket from Bowery, and that the ticket could not be transferred because it did not conform with the requirements set forth in Arts and Cultural Affairs Law § 25.30 (1) (c). These allegations are sufficient to state a measurable harm to Pires, in an amount that may be derived from the purchase price of the ticket.[4]
II. Injunctive Relief
Bowery argues that Pires’s claim for a permanent injunction should be dismissed as moot because the ticketed event already took place on March 28, 2012. However, Pires does not seek an injunction for the purpose of transferring her ticket for the March 28th event. Instead, Pires seeks to permanently enjoin Bowery from any further violation of Arts and Cultural Affairs Law § 25.30 (1) (c), on the grounds that Bowery continues to engage in ongoing statutory violations. To the extent that Pires’s injunction claim relates to an ongoing harm, her claim is not moot.
Next, Bowery contends that Pires does not state a claim for an injunction because she fails to allege that she purchased a ticket to a future event in which Bowery threatens to violate Arts and Cultural Affairs Law § 25.30 (1) (c). Bowery argues that any allegations that it is continuing to violate the statute are vague and speculative.
*711 To state a claim for a permanent injunction, a plaintiff must allege “a ‘violation of a right presently occurring, or threatened and imminent.’ ” (Blow v Svenningsen, 58 AD3d 674, 675 [2d Dept 2009]; Lemle v Lemle, 92 AD3d 494, 500 [1st Dept 2012].) A plaintiff seeking a permanent injunction must also allege that he or she will suffer irreparable harm absent the injunctive relief. (Ovitz v Bloomberg L.P., 18 NY3d 753, 760 [2012]; Parry v Murphy, 79 AD3d 713, 715 [2d Dept 2010].)
I agree with Bowery that Pires has not adequately stated a claim for an injunction. In the complaint, Pires alleges that Bowery “has engaged in a continuous practice of violating § 25.30 [(1)] (c) in substantially the same way” as it violated the statute with respect to her; that this “unlawful practice continues to the present time”; and that Bowery “will continue to violate § 25.30[(l)](c) in the future” if it is not enjoined. These allegations amount to nothing more than conclusory statements, unsupported by any factual matter from which it could be determined that Bowery is engaged in an ongoing practice of violating the statute. While Pires asserts that Bowery’s unlawful practice continues to the present time, she does not allege any specific events in which Bowery threatens to violate Arts and Cultural Affairs Law § 25.30 (1) (c) by employing a paperless ticketing system without the option to purchase tickets that can be freely transferred.[5]
Pires’s threadbare assertion that Bowery is violating the statute in “substantially the same way” is inadequate to serve as the basis for an injunction claim. Pires also fails to allege that she will suffer irreparable harm in the absence of injunctive relief.
Moreover, Pires’s allegation of a past violation and resulting harm is insufficient to state a claim for an injunction. Injunctive relief is designed to be prospective, and “ordinarily should not be granted to operate on acts already performed.” (Allen v Pollack, 289 AD2d 426, 427 [2d Dept 2001].) The proposed class *712 of ticket purchasers — like Pires — have no claim for injunctive relief based on the alleged past violations to their rights under Arts and Cultural Affairs Law § 25.30 (1) (c).
Pires argues that her injunction claim should not be dismissed because Bowery’s alleged violation is exactly the type of the harm that evades review due to the short duration between the violation’s occurrence and judicial review of the claim. While I agree that a violation of Arts and Cultural Affairs Law § 25.30 (1) (c) is a harm that may evade review, there is insufficient factual showing in the complaint that this issue is likely to recur with respect to Pires or the proposed class. (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980].)
For the above stated reasons, I grant Bowery’s motion to dismiss Pires’s claim under Arts and Cultural Affairs Law § 25.30 (1) (c) for a permanent injunction on behalf of herself and the proposed class.[6]
In her memorandum of law and through her counsel’s affirmation, Pires requests that, in the event that I dismiss her injunction claim, she be given leave to replead this claim. Pires did not cross-move for this relief. Because Pires failed to move to amend her pleading and failed to submit a proposed amended pleading accompanied by an affidavit of merit, her request for leave to replead is denied, without prejudice to renew. (Fletcher v Boies, Schiller & Flexner, LLP, 75 AD3d 469, 470 [1st Dept 2010]; AJW Partners, LLC v Admiralty Holding Co., 93 AD3d 486, 486 [1st Dept 2012].)
III. CPLR 901 (b)
CPLR 901 (b) provides that a class action may not be maintained if it is based on a statute that creates or imposes a penalty or minimum level of recovery, unless the statute specifically authorizes such recovery in a class action. The legislature enacted CPLR 901 (b) based, in part, on the rationale that when a statute imposes a penalty or minimum measure of recovery, it is unnecessary to allow class actions because individual plaintiffs already have sufficient economic incentive to litigate to obtain the statutory penalty or minimum level of recovery. (Sperry v Crompton Corp., 8 NY3d 204, 213 [2007].)
*713 There is no dispute between the parties that Arts and Cultural Affairs Law § 25.33 provides a minimum level of recovery to an injured consumer in the amount of $50. Indeed, Arts and Cultural Affairs Law § 25.33 states that any person injured by an article 25 violation “may . . . recover . . . actual damages or [$50], whichever [amount] is greater.” Pires claims that she may bring this class action, however, because she has waived her right to the minimum level of recovery, and she seeks only actual damages on behalf of herself and the class.
In certain instances, our courts have recognized a plaintiffs right to waive statutory penalties or minimum levels of recovery in order to maintain a class action. For example, plaintiffs have been permitted to waive statutory penalties under General Business Law § 349 (h), Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516 (a), and Labor Law § 198 (1-a) in order to maintain class actions. (Cox v Microsoft Corp., 8 AD3d 39, 40 [1st Dept 2004]; Downing v First Lenox Terrace Assoc., 107 AD3d 86, 91 [1st Dept 2013]; Pesantez v Boyle Envtl. Servs., 251 AD2d 11, 12 [1st Dept 1998].)
The issue presented here — whether a plaintiff may waive the minimum level of recovery provided by Arts and Cultural Affairs Law § 25.33 to maintain a class action — has not yet been addressed by our courts. Bowery contends that Pires may not waive her right to the statutory minimum because Arts and Cultural Affairs Law § 25.33 requires Pires to recover the statutory minimum level of recovery because it is greater than her actual damages. On the other hand, Pires claims that her proposed class action is not barred under CPLR 901 (b) because she seeks only actual damages, which is not a penalty or minimum level of recovery.
I find here that Pires may waive the statutory minimum level of recovery under Arts and Cultural Affairs Law § 25.33, and therefore, her proposed class action is not barred by CPLR 901 (b). While section 25.33 states that a plaintiff may recover “actual damages or [$50], whichever [amount] is greater” — the statute does not require plaintiffs to seek the statutory minimum level of recovery, even if it is a greater amount than actual damages.
In Cox v Microsoft Corp., the First Department held that a plaintiff who sought actual damages, instead of the statutory minimum level of recovery under General Business Law § 349 (h), could bring a class action because CPLR 901 (b) no longer applied. (8 AD3d at 40.)
*714 Based on the statutory language found in Arts and Cultural Affairs Law § 25.33 — which is nearly identical to the language found in General Business Law § 349 (h) in providing that a plaintiff may “recover his actual damages or fifty dollars, whichever is greater” — I am compelled to find that Pires may waive the statutory minimum level of recovery, and seek the lesser amount of actual damages in a class action. (Cox at 40.) As Pires has waived the minimum level of recovery on behalf of the proposed class, and individual class members may opt out of the class to pursue the minimum level of recovery, the class action restriction of CPLR 901 (b) does not apply. (Downing, 107 AD3d at 89; Pesantez v Boyle Envtl. Servs., 251 AD2d at 12; see also Sperry, 8 NY3d at 211 [highlighting legislative intent that CPLR 901 (b) would not bar “(a) statutory class action for actual damages”].)
Accordingly, Pires’s proposed class action for actual damages under Arts and Cultural Affairs Law § 25.30 (1) (c) is not barred by CPLR 901 (b).
IV CPLR 2201
In the alternative, Bowery seeks a stay of this action pending the resolution of a related arbitration. CPLR 2201 provides that “[e]xcept where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just.” A stay may be proper where “the determination of the pending arbitration proceeding may well dispose of or limit the issues to be determined.” (Oxbow Calcining USA Inc. v American Indus. Partners, 96 AD3d 646, 652 [1st Dept 2012].)
I deny Bowery’s motion to stay this action because the resolution of the consolidated JAMS arbitration will not dispose of or limit the issues in this action. First, the arbitration will not be dispositive as to whether Bowery violated Arts and Cultural Affairs Law § 25.30 (1) (c). Second, Pires seeks actual damages in this action, unlike the arbitration claimants who seek statutory damages. Thus, any arbitration award of damages will not aid the calculation of actual damages in this action in the event Pires prevails. Lastly, the arbitration award will not have any binding effect on Bowery, Pires, or the proposed class. For these reasons, I find that the issues in this action and the consolidated JAMS arbitration are “not inextricably interwoven” such that a stay would be appropriate to aid judicial efficiency. (Fewer v GFI Group Inc., 59 AD3d 271, 271 [1st Dept 2009].)
*715 Accordingly, it is hereby ordered that defendant The Bowery Presents, LLC’s motion to dismiss plaintiff Ligia Pires’s complaint, on behalf of herself and all others similarly situated, pursuant to CPLR 3211 (a) (7) is granted only as to the claim for a permanent injunction, and that claim is dismissed, and the motion is otherwise denied; and it is further ordered that plaintiff Ligia Pires’s request for leave to replead is denied without prejudice; and it is further ordered that The Bowery Presents, LLC’s motion for a stay in this action pending the resolution of a related arbitration, pursuant to CPLR 2201, and for attorney’s fees is denied.

. Pires alleges that Bowery is the proper defendant because it “sells tickets to entertainment events in the State of New York to the public directly and through agents, including, but not limited to, Live Nation Entertainment, Inc., doing business as Ticketmaster.”

. Pires originally asserted her claim against Bowery through an arbitration proceeding. Bowery then commenced a special proceeding to stay the arbitration. (See Bowery Presents LLC v Pires, 2013 NY Slip Op 31361[U] [Sup Ct, NY County 2013].) In that action, Justice Eileen Bransten permanently stayed the arbitration because no arbitration agreement exists between Pires and Bowery.

. See Tegtmeier v Live Nation Entertainment, Inc. and Fogel v Live Nation Entertainment, Inc. (consolidated JAMS arbitration Nos. 1425012229, 1425012600). The parties do not dispute that Live Nation Entertainment, Inc. does business as Ticketmaster.

. Pires does not allege the exact amount that she paid for the ticket. However, at oral argument before Justice Barbara Kapnick on January 7, 2014, the parties did not dispute that Pires purchased the ticket for $31.45. Pires’s counsel has asserted that Pires intends to rely on an expert to prove actual damages.

. Although Pires submits an affirmation from her counsel, Thomas I. Sheridan, III, that purports to list events for which Bowery sold nontransferable tickets in violation of Arts and Cultural Affairs Law § 25.30 (1) (c), this affirmation is inadequate to remedy the defects in the complaint. Most importantly, while Sheridan claims that he directed research “on the internet to identify events in New York to which Bowery sold non-transferable paperless tickets,” he does not state that he has any personal knowledge that Bowery actually sold nontransferable paperless tickets to these events, and that the paperless tickets could not in fact be transferred in violation of the statute.

. In the related arbitration, Justice Ellerin opined that, under Arts and Cultural Affairs Law § 25.33, an individual is not vested with any authority to seek general injunctive relief on behalf of all purchasers. (Tegtmeier at 5 [consolidated JAMS arbitration Nos. 1425012229, 1425012600 (Aug. 29, 2013)].) While I find Justice Ellerin’s reasoning to be persuasive on the issue of whether an individual may seek a general injunction, it is inapplicable here because Pires seeks class injunctive relief.