# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

471

CA 15-01160

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

EMPIRE MEDICAL SYSTEMS, LLC, PLAINTIFF-APPELLANT,

V

MEMORANDUM AND ORDER

JERAMY BERNARDONI, DEFENDANT-RESPONDENT.
------------------------------------------------
JERAMY BERNARDONI, THIRD-PARTY
PLAINTIFF-RESPONDENT,

V

JASON GOTHAM AND BLAKE BEDNARZ, THIRD-PARTY
DEFENDANTS-APPELLANTS.

---

WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL),
FOR PLAINTIFF-APPELLANT AND THIRD-PARTY DEFENDANTS-APPELLANTS.

PHILLIPS LYTLE LLP, BUFFALO (ALAN J. BOZER OF COUNSEL), FOR
DEFENDANT-RESPONDENT AND THIRD-PARTY PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (Matthew A. Rosenbaum, J.), entered December 18, 2014. The judgment, insofar as appealed from, provided that the parties may raise the issue of certain distributions with the appraiser.

It is hereby ORDERED that the judgment insofar as appealed from is unanimously reversed on the law without costs, and the following language in the fifth decretal paragraph is vacated: "and as the Operating Agreement contains certain provisions relating to distributions, the parties may raise the issue of any such distributions as provided in the Operating Agreement with such appraiser."

Memorandum: Defendant-third-party plaintiff (defendant), a one-third owner and member of plaintiff, Empire Medical Systems, LLC, had his membership interest terminated by consent of third-party defendants, the remaining two members and owners of the company. Defendant disputed the termination. Plaintiff commenced this action seeking a declaration that the termination was proper and that defendant was compelled to sell his membership interest to the remaining members pursuant to plaintiff's operating agreement. Plaintiff further requested that, as provided by that agreement, the matter be submitted to an appraiser to calculate plaintiff's fair market value and the value of defendant's membership interest therein.

Defendant interposed a counterclaim seeking a declaration that the termination violated the operating agreement.  Thereafter, plaintiff filed a motion for summary judgment seeking the relief set forth in its complaint, and defendant filed a cross motion for summary judgment both dismissing the complaint and granting his counterclaim.

Supreme Court issued a decision in which it determined that the termination of defendant's membership interest was proper, that defendant was obligated to sell his membership interest pursuant to the operating agreement, and that an appraiser should be selected in order to calculate the fair market value of defendant's membership interest.  As the prevailing party, plaintiff submitted a "proposed order."  Thereafter, defendant, for the first time, alleged that plaintiff owed him various distributions of company assets, and responded with a "proposed counter-order" directing the parties to discuss the issue of distribution payments with the appraiser.  Over plaintiff's objection, the court's judgment permitted the parties to "raise the issue of any such distributions as provided by the [o]perating [a]greement with such appraiser."

Initially, we agree with plaintiff that the issue whether plaintiff owed defendant for unpaid distributions was not raised by defendant in his pleadings or during motion practice, and that plaintiff had no opportunity to be heard on the issue.  We therefore conclude that the court erred in considering defendant's claim when formulating its judgment (*see generally Datwani v Datwani*, 102 AD3d 616, 616; *Quizhpe v Luvin Constr.*, 70 AD3d 912, 914; *Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212, 223-224).

Additionally, we note that, although the appraiser may consider plaintiff's debts when determining its fair market value, the operating agreement does not empower the appraiser to decide the threshold validity of defendant's claim, i.e., whether he is in fact owed for unpaid distributions.  "Although there is no question that it is the appraiser who must determine which of the myriad factors are relevant to a particular valuation," it is for the court to decide the "threshold legal interpretation of the scope of the very subject of the appraisal" (*New York Overnight Partners v Gordon*, 88 NY2d 716, 721).  Further, "precedents firmly establish that[,] in addition to construing disputed terms [of an agreement] in advance of an appraisal proceeding, it is also within the province of the court to identify those factors the [agreement] expressly designates or excludes in the valuation process" (*id.; see Goldstein v 12 Broadway Realty LLC*, 89 AD3d 590, 591).  Having failed to decide the legitimacy of defendant's claim for distributions, largely owing to defendant's own failure to raise the contention prior to the court's decision and, in the absence of a provision in the operating agreement permitting the appraiser to decide such a dispute, the court erred in permitting the appraiser to consider the unestablished allegation that plaintiff owes defendant for unpaid distributions.

Entered:  July 1, 2016                          Frances E. Cafarell
                                                Clerk of the Court