Chu v Klatskin (2018 NY Slip Op 01036)





Chu v Klatskin


2018 NY Slip Op 01036


Decided on February 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2018

Renwick, J.P., Andrias, Kapnick, Gesmer, Moulton, JJ.


5698 153594/14

[*1]Lynn Chu, et al., Plaintiffs-Appellants,
v
Deborah Klatskin, et al., Defendants-Respondents.


Gallet Dreyer & Berkey, LLP, New York (Pamela Gallagher of counsel), for appellants.
Braverman Greenspun, P.C., New York (Kelly A. Ringston of counsel), for respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered November 18, 2016, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, without costs.
Documentary evidence conclusively refutes plaintiffs' claim that, as the owners of the only units on the 11th floor of the condominium building, they have exclusive rights to the 11th-floor portion of the elevator shaft that accommodated the decommissioned and ultimately removed freight elevator adjacent to the wall of their joined residential units. Paragraph 6.1 of the condominium "Declaration" defines "Common Elements" as "the entire Property including the Land and all parts of the Building and improvements thereon," and section 6.15.4 of the by-laws gives the owner of any two or more units that benefit exclusively from an adjacent or appurtenant common element the "exclusive right of use of such Common Element" on certain conditions. However, paragraph 6.2.7 of the Declaration provides that all elevators and elevator shafts are Common Elements, except, in pertinent part, that "two of the elevators are reserved for the exclusive use of the Residential Unit Owners and one elevator is reserved for the exclusive use of the Commercial Unit Owners." At the time of plaintiffs' purchase of the 11th-floor units, the exclusive right of use of the freight elevator belonged to the commercial unit owners, and the language of the governing documents has remained unchanged through the present.
Plaintiffs do not argue that the documents precluded the board from converting certain commercial units to residential use, and from dividing the common interest appurtenant to those commercial units (see Real Property Law § 339-i[2]). Nor do they sufficiently allege injury resulting from the board's licensing of the use of portions of the freight-elevator shaft to residential unit owners.
Plaintiffs' request for leave to replead, made for the first time on appeal, is improper (see Channel Chiropractic, P.C. v Country-Wide Ins. Co., 38 AD3d 294 [1st Dept 2007]). In any event, plaintiffs failed to submit a proposed amended complaint and to offer extrinsic proof to demonstrate the validity of the unspecified derivative causes of action they propose to assert (see Fletcher v Boies, Schiller & Flexner, LLP, 75 AD3d 469 [1st Dept 2010]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2018
CLERK