Gale v Abramowitz
2026 NY Slip Op 03388
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Pamela Gale, Plaintiff-Appellant,
v
Alton Abramowitz et al., Defendants-Respondents.

Decided and Entered: June 02, 2026
Index No. 159479/24|Appeal No. 6779|Case No. 2025-03129|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Vik Pawar Law PLLC, New York and Cohn & Associates, Philadelphia, PA (Kenneth David Albert of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for appellant.
Traub Lieberman Straus & Shrewsberry LLP, White Plains (Lisa L. Shrewsberry of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Paul A. Goetz, J.), entered April 14, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, with costs, the motion denied, and the complaint reinstated.
This legal malpractice action arises from defendants' representation of plaintiff during post-judgment divorce proceedings. Plaintiff retained defendants to recover her share of profit distributions pursuant to her postnuptial agreement. Plaintiff alleges that during the proceedings, defendants negligently failed to submit into evidence tax documents that plaintiff's expert relied on in his recommendation. As a result, the referee awarded plaintiff less than the full amount of distributions she sought, compelling her to retain new counsel. After motion practice and a hearing before Supreme Court on the distribution issue, new counsel secured the full distribution award plaintiff initially sought. Plaintiff alleges damages in the form of legal and expert fees incurred in the process.
Supreme Court should have denied defendants' motion to dismiss the complaint because plaintiff stated a claim for legal malpractice (see RTW Retailwinds, Inc. v Colucci & Umans, 213 AD3d 509, 510 [1st Dept 2023]). Plaintiff sufficiently alleged that defendants were negligent in failing to introduce the tax documents necessary to secure the full distribution award to which she was entitled. Plaintiff also sufficiently alleged that, but for defendants' negligence, she would not have incurred at least a portion of the attorneys' fees she paid to secure the proper distribution award. Plaintiff may seek damages for "litigation expenses incurred in an attempt to avoid, minimize, or reduce the damage caused by [defendants'] wrongful conduct" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 443 [2007] [internal quotation marks omitted]).
The complaint states allegations from which damages attributable to defendants' conduct may reasonably be inferred (see Fielding v Kupferman, 65 AD3d 437, 442 [1st Dept 2009]). In the complaint, plaintiff sufficiently alleges that her fee award only partially covered the actual costs she incurred in the litigation. Whether and to what extent the fee award covers the actual fees paid by plaintiff need not be determined at this stage (see Fielding, 65 AD3d at 442; see also Fletcher v Boies, Schiller & Flexner, LLP, 75 AD3d 469, 469 [1st Dept 2010]).
Defendants' estoppel arguments are unavailing. The issues raised in this legal malpractice action were not raised in the prior post-judgment divorce proceedings (seeParker v Blauvelt Volunteer Fire Co. , 93 NY2d 343, 349 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026