■ In the Matter of JGA CONSTRUCTION CORPORATION, Appellant, v BURNS ELECTRIC CO., INC., Respondent.—Order unanimously affirmed without costs. Memorandum: Petitioner, JGA Construction Corporation (JGA), appeals from an order denying its application for a stay of arbitration *(see,* CPLR 7503 [b]). JGA argues that no valid agreement to arbitrate was made.

The parties entered into a subcontract whereby respondent, Burns Electric Co., Inc. (Burns), agreed to perform electrical work on a project known as The Galleries of Syracuse. Article 13 of the subcontract contained language providing for the resolution of all claims and disputes by arbitration. Article 1 of the subcontract incorporated by reference the general conditions of the contract documents between JGA and the owner, including addendum No. 2, dated June 5, 1985. This addendum deleted the arbitration requirement thereby creating an apparent conflict with article 13 of the subcontract, which mandated arbitration. The apparent conflict, however, is resolved by the language of section 11.1.1 of the subcontract

to the effect that where any provision of the contract between JGA and the owner is inconsistent with any provision of the subcontract, the subcontract shall govern.

Applying fundamental principles of contract construction *(see, Zion v Kurtz,* 50 NY2d 92, 105; *Matter of Village of Jordan v Memphis Constr. Co.,* 109 AD2d 1055, 1056), we conclude that the parties expressly, unequivocally, and unambiguously agreed to arbitrate this dispute *(Matter of Waldron [Goddess],* 61 NY2d 181, 183-184; *Matter of Acting Supt. of Schools [United Liverpool Faculty Assn.],* 42 NY2d 509, 513; *Brennan v A. G. Becker, Inc.,* 127 AD2d 951, 952). (Appeal from order of Supreme Court, Onondaga County, Donovan, J. —arbitration.) Present—Doerr, J. P., Denman, Boomer, Pine and Davis, JJ.