■ HARBOR VIEW ASSOCIATION OF NORTH HAVEN, N. Y., INC., Respondent, v MICHAEL T. SUCHER et al., Appellants. [655 NYS2d 97] —In an action pursuant to RPAPL article 15, inter alia, for a judgment declaring that the plaintiffs have an easement over certain property owned by the defendants, the defendants appeal, (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), entered March 22, 1993, as denied that branch of the defendants' cross motion which was for partial summary judgment dismissing the complaint insofar as it relates to the plaintiff Harbor View Association of North Haven, N. Y., Inc., (2) as limited by their brief, from so much of an order of the same court dated March 18, 1994, as directed a hearing upon specified issues to aid in the disposition of (a) the plaintiffs' motion to preliminarily enjoin the defendants, inter alia, from impeding their access to the subject property and (b) that branch of the defendants' cross motion which was to preliminarily enjoin the plaintiffs, inter alia, from driving vehicles on the subject property, (3) from a decision of the same court, dated June 28,

1995, (4) from an order of the same court, entered September 5, 1995, upon the decision, which granted the plaintiffs' motion to preliminarily enjoin the defendants, *inter alia,* from impeding their access to the subject property and denied that branch of the defendants' cross motion which was to preliminarily enjoin the plaintiffs, *inter alia,* from driving vehicles on the subject property, and (5) as limited by their brief, from so much of an order of the same court, entered January 4, 1996, as denied those branches of the defendants' motion which were for (a) reargument of the order entered September 5, 1995, and (b) dismissal of the action for failure to obtain personal jurisdiction.

Ordered that the appeal from the decision dated June 28, 1995, is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order dated March 18, 1994, is dismissed, as no appeal lies as of right from an order which grants a hearing to aid in the disposition of a motion *(see, Singer v Singer,* 170 AD2d 496, 496-497; *Dioguardi v Flushing Hosp. & Med. Ctr.,* 149 AD2d 651); and it is further,

Ordered that the appeal from so much of the order entered January 4, 1996, as denied the defendants' motion for reargument of the order entered September 5, 1995, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the orders entered March 22, 1993, September 5, 1995, and January 4, 1996, are affirmed insofar as appealed from and reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiffs are homeowners and a not-for-profit homeowners' association in Harbor View, a community on Shelter Island Sound. In 1992 the defendants purchased property in the community and they obtained title through quitclaim deeds to two adjacent lots denominated as a parking area and a beach area on the "amended map of Harbor View". The defendant subsequently blocked access to the parking and beach areas, which the plaintiffs claimed had been used for decades by residents of the community. The plaintiffs commenced this action, *inter alia,* for a judgment declaring that they have an easement over the subject areas, and they moved for a preliminary injunction preventing the defendants from interfering with their right of access. The defendants cross-moved for an injunction preventing the plaintiffs from traversing their property except by foot, during daylight hours, and for bathing purposes only.

The decision to grant a preliminary injunction is a matter ordinarily committed to the sound discretion of the court hearing the motion *(see, Doe v Axelrod,* 73 NY2d 748, 750). In order to obtain a preliminary injunction the plaintiffs were required to demonstrate (1) a likelihood of ultimate success on the merits, (2) irreparable harm unless the injunction is granted, and (3) that the equities are balanced in their favor *(see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *Doe v Axelrod, supra,* at 750).

In a hearing on the parties' motions, the plaintiffs clearly established their likelihood of success on the merits. The plaintiffs presented evidence, through a title expert, that they were granted an easement by deed over the subject portion of the defendants' property. The title report prepared for the defendants upon their purchase of the property indicated the existence of third-party easement rights with respect to the parking and beach areas on the amended map. Moreover, the defendants' counsel conceded at the hearing that the easement existed, although the defendants contested "the nature and use" of the easement. Finally, the Supreme Court determined that there was no credible testimony to support the defendants' claim of abuse by the plaintiffs of their easement rights.

The defendants' contention that the plaintiffs failed to establish irreparable injury or a balancing of the equities in their favor is without merit. The plaintiffs established that they had been using the subject area for access to the beach and for launching their boats for decades and that the subject area was the only point for such access available to them within the residential community. Thus, the Supreme Court properly granted the plaintiffs' motion for a preliminary injunction precluding the defendants from interfering with their use, either by vehicular or pedestrian means, of the existing right of way, the parking area, and beach.

The defendants' remaining contentions are without merit. O'Brien, J. P., Thompson, Joy and Florio, JJ., concur.