■ ALAMO CONTRACT BUILDERS, INCORPORATED, Plaintiff, v CTF HOTEL COMPANY, Doing Business as STOUFFER RENAISSANCE WESTCHESTER HOTEL, Defendant and Third-Party Plaintiff-Respondent. RICHFIELD HOSPITALITY SERVICES, INC., Third-Party Defendant-Appellant. [661 NYS2d 984] —In an action, *inter alia*, to recover damages for breach of contract, the third-party defendant appeals from (1) an order of the Supreme Court, Westchester County (Silverman, J.), entered December 12, 1996, which ordered a hearing on its motion to compel arbitration and to stay the third-party action, and (2) an order of the same court (Donovan, J.), dated February 24, 1997, which, after the hearing, denied the motion.

Ordered that the appeal from the order entered December 12, 1996, is dismissed; and it is further,

Ordered that the order dated February 24, 1997, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The order entered December 12, 1996, which directed a judicial hearing to aid in the disposition of a motion, did not decide the motion and did not affect a substantial right (CPLR 5701 [a] [2] [v]), and is, therefore, not appealable as of right (*see, Harbor View Assocs. v Sucher*, 237 AD2d 488; *Singer v Singer*, 170 AD2d 496; *Dioguardi v Flushing Hosp. & Med. Ctr.*, 149 AD2d 651).

Contrary to the appellant's contention with respect to the order dated February 24, 1997, the plain meanings of paragraph 7.1 of the contract entered into between the appellant and respondent and section XIII of the addendum to the contract conflicted in that the former provided for the resolution of all claims and disputes under the contract by arbitration and the latter mandated that all such actions be brought in "the State Courts * * * in Westchester County". However, the conflict is resolved by the language of section XVI of the addendum which provides that in the event of such a conflict, "the terms of [the] addendum shall govern". Thus, the parties agreed not to arbitrate claims and disputes arising under the contract, but rather to bring them in the State courts of Westchester County (*cf., Matter of JGA Constr. Corp. v Burns Elec. Co.*, 145 AD2d 945).

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.