■ MASSENA TOWNE CENTER ASSOCIATES, Appellant-Respondent, v SEAR-BROWN GROUP, INC., Respondent, and PERRAS EXCAVATING, INCORPORATED, et al., Respondents-Appellants. (Action No. 1.) SEAR-BROWN GROUP, INC., Plaintiff, v MASSENA TOWNE CENTER ASSOCIATES et al., Defendants. (Action No. 2.) SEAR-BROWN GROUP, INC., Third-Party Plaintiff, and PERRAS EXCAVATING, INCORPORATED, et al., Third-Party Plaintiffs-Respondents-Appellants, v PITTSBURGH TANK &

Tower Co., Elevated Division, Inc., Third-Party Defendant-Respondent. [680 NYS2d 349] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Massena Towne Center Associates (plaintiff) commenced this action seeking damages it incurred as a result of a landslide on its property. Defendant Perras Excavating, Incorporated (Perras Excavating) contracted with plaintiff to construct a shopping center on property owned by plaintiff, and third-party defendant contracted with plaintiff to erect a water tower at the site for use in the event of a fire. Due to the alleged breach of contract based on third-party defendant's failure to provide a useable water tank, an alternative source of water was needed while the water tank was being repaired. On September 7, 1993, it was decided that 300,000 gallons of water from the water tank would be released into a detention pond on the property. However, weep holes in the pond, as well as an open drain pipe placed in the pond by Perras Excavating, permitted all of the water to drain from the pond into the surrounding area and the adjacent Grasse River. Once the bottom of the pond was sealed, water was again placed in the pond, where it remained until the water tank was placed back in service on or around November 19, 1993. On December 10, 1993, a landslide occurred on the property.

Supreme Court properly granted the motion of third-party defendant for summary judgment seeking dismissal of the third-party complaint against it and the 14th, 15th and 16th causes of action in the second amended complaint. Although ordinarily the issue of proximate cause is for the finder of fact (*see, Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784; *Doe v Roe*, 239 AD2d 878), the only conclusion to be drawn in this case is that the alleged breach of contract by third-party defendant was not a cause of the landslide. The landslide was not a foreseeable risk of third-party defendant's failure to provide a usable water storage tank. Any further damages that plaintiff seeks to recover from third-party defendant are precluded by the agreement between the parties settling all amounts outstanding from the project.

The court erred, however, in granting that part of the motion of Perras Excavating and defendant Employers Insurance of Wausau (Employers Insurance) for summary judgment dismissing the breach of contract cause of action against Perras Excavating. Initially, we reject plaintiff's contention that the proposals submitted by Perras Excavating were not a part of the contract. "[W]hen parties set down their agreement in a

clear, complete document, their writing should as a rule be enforced according to its terms" (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162). Here, the June 1992 contract between the parties incorporated a May 1991 document, which specifically incorporated the proposals as part of the contract documents. We conclude, however, that those proposals are void to the extent that they purport to exempt Perras Excavating from liability arising from its own gross or willful negligence (*see, Gross v Sweet*, 49 NY2d 102, 106).

The court also erred in granting that part of the motion of Perras Excavating and Employers Insurance for summary judgment dismissing the 13th cause of action, which alleged breach of the surety agreement by Employers Insurance. Because the liability of the surety on a performance bond follows the liability of the principal on the bond (*see, Matter of Fidelity & Deposit Co. v Parsons & Whittemore Contrs. Corp.*, 48 NY2d 127, 132), that cause of action against Employers Insurance must also be reinstated.

Contrary to plaintiff's contention, the court properly dismissed the tort causes of action against Perras Excavating. A breach of contract is not considered a tort "unless a legal duty independent of the contract itself has been violated" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389). Further, "[t]his legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., supra,* at 389). Perras Excavating met its initial burden by establishing that there is no legal duty independent of its duties under the contract, and plaintiff failed to raise a triable issue of fact whether such a duty exists. "[M]erely alleging that the breach of contract duty arose from a lack of due care will not transform a simple breach of contract into a tort" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 551). Because no tort causes of action against Perras Excavating remain, plaintiff may not recover punitive damages based on tortious conduct against Perras Excavating, and the exception to the general rule that punitive damages are not recoverable for breach of contract does not apply here (*see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 315-316).

We modify the order, therefore, by denying in part the motion of Perras Excavating and Employers Insurance and reinstating the seventh cause of action against Perras Excavating and the 13th cause of action against Employers Insurance. (Appeals from Order of Supreme Court, Monroe County, Sira-

gusa, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Hayes, Callahan and Fallon, JJ.