■ John F. Mosca, Appellant, v John R. Normile, Jr., et al., Respondents. [715 NYS2d 129] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. Plaintiff commenced this legal malpractice and breach of contract action after discovering that residential property he had purchased did not have "deeded lake rights." Defendants met their initial burden by establishing that no act or omission on their part was the proximate cause of any damages incurred by plaintiff with respect to both the legal malpractice (*see, Marquez v Ross Dev.,* 162 AD2d 1011) and the breach of contract causes of action (*see, Drummer v Valeron Corp.,* 154 AD2d 897, *lv denied* 75 NY2d 705; *see also, Massena Towne Ctr. Assocs. v Sear-Brown Group,* 255 AD2d 893, 894), and plaintiff failed to raise an issue of fact. Defendants established that plaintiff executed the contracts of sale without their prior review or approval and that no action on their part could have prevented the closing. Plaintiff received all the property to which he was entitled under the final contract of sale. In addition, the contract of sale could not have been rescinded based upon plaintiff's claim of fraudulent inducement (*see, Mosca v Kiner,* 277 AD2d 937 [decided herewith]). Thus, the complaint was properly dismissed (*see, Massena Towne Ctr. Assocs. v Sear-Brown Group, supra,* at 894; *Marquez v Ross Dev., supra; cf., Canavan v Steenburg,* 170 AD2d 858, 859). (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.