Rodrigo R. Pagaduan v. Carnival Corporation, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand twenty.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges.*
_____

RODRIGO R. PAGADUAN,

                  *Plaintiff-Appellant*,

          v.                                          19-3400-cv

CARNIVAL CORPORATION, DBA CARNIVAL CRUISE LINES, CARNIVAL PLC, MELVIN BABI, DOCTOR DOE (SHIP'S DOCTOR), NURSE DOE (SHIP'S NURSE),

                  *Defendants-Appellees.*

_____

Appearing for Appellant:          Felix Q. Vinluan, Woodside, NY.

Appearing for Appellees:          Edgar R. Nield, Maltzman & Partners, PA, Encinitas, CA.

          Appeal from the United States District Court for the Eastern District of New York (Amon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Rodrigo R. Pagaduan appeals from the September 20, 2019 order of the Eastern District of New York (Amon, *J.*) denying his motion seeking nonenforcement and/or vacatur of a Philippine arbitral award compensating Pagaduan for injuries he suffered as a motorman aboard one of Defendant-Appellee Carnival Cruise Lines' ("Carnival") ships. We previously affirmed the district court's order compelling arbitration. *See Pagaduan v. Carnival Corp.*, 709 F. App'x 713 (2d Cir. 2017). Following arbitration proceedings, the Philippine Labor Arbiter issued a decision granting Pagaduan $5,100 in "sickness allowance," plus ten percent thereof as attorney's fees, but declining to provide other relief. App'x at 319. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review factual findings for clear error and legal conclusions de novo. *ABM Indus. Grps., LLC v. Int'l Union of Operating Eng'rs*, 968 F.3d 158, 161 (2d Cir. 2020). Pagaduan invokes the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). Under the New York Convention, a court "shall confirm [a foreign arbitral] award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005) (internal quotation marks omitted) (quoting 9 U.S.C § 207). The party opposing enforcement of an arbitral award bears the burden of proving that one of the specified grounds applies, and "[t]he burden is a heavy one, as the showing required to avoid summary confirmance is high." *Id.* (internal quotation marks omitted). "[R]eview of arbitral awards under the New York Convention is very limited in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Id.* (alteration and internal quotation marks omitted). Article V of the New York Convention specifies seven grounds upon which courts may refuse to recognize the award, only two of which are at issue here: (1) Article V(1)(b), which applies when "[t]he party against whom the award is invoked was not given proper notice of . . . the arbitration proceedings or was otherwise unable to present his case," and (2) Article V(2)(b), which applies when "[t]he recognition or enforcement of the award would be contrary to the public policy of that country." N.Y. Convention art. V, June 10, 1958, 21 U.S.T. 2517.

Pagaduan argues Article V(1)(b) is applicable. We disagree. Article V(1)(b) allows for nonenforcement where "[t]he party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case." *Id.* art. V(1)(b). Article V(1)(b) "essentially sanctions the application of the forum state's standards of due process." *Iran Aircraft Indus. v. Avco Corp.*, 980 F.2d 141, 145 (2d Cir. 1992) (internal quotation marks omitted). Under American standards of due process, a party is entitled to "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Here, Pagaduan submitted multiple lengthy briefs, medical records, and affidavits before the Labor Arbiter but chose to focus his arguments almost

2

entirely on whether the Arbiter had jurisdiction over the case. Indeed, Pagaduan's opening paper before the Arbiter asserted that "[t]he *only* issue that matters in this case is whether or not the Office of the Labor Arbiter . . . has jurisdiction over the subject matter of this case." App'x at 335 (emphasis added). That strategy left Pagaduan with limited room to argue the merits of his case, including how the Jones Act or Philippine law would lead to a higher recovery; but it does not follow that he was "unable to present his case." N.Y. Convention art. V(1)(b); *see also Parsons & Whittemore Overseas Co., Inc. v. Societe Generale De L'Industrie du Papier (RAKTA)*, 508 F.2d 969, 975-76 (2d Cir. 1974) (declining to find Article V(1)(b) violation where a party argued that "the tribunal decided the case without considering evidence critical" to its position when it was within the party's "ability to produce" such evidence). Pagaduan also takes issue with the Arbiter's finding that summons had not properly been served—and therefore personal jurisdiction had not been obtained—over individual Appellees Melvin Babi and Doctor and Nurse Does. But while the record reflects that a summons for Babi was sent to the same address as the Carnival entities, nothing reflects that Babi actually received the summons himself or authorized his co-defendant to accept service on his behalf. In any event, neither of these purported errors suggests that Pagaduan was "denied the opportunity to be heard in a meaningful time or in a meaningful manner." *Iran Aircraft Indus.*, 980 F.2d at 146. Indeed, Pagaduan was awarded a sickness allowance and attorneys' fees. Therefore, Article V(1)(b) does not apply.

Pagaduan also argues Article V(2)(b) is applicable. We disagree. This provision allows for nonenforcement where "[t]he recognition of enforcement of the award would be contrary to the public policy of that country." N.Y. Convention art. V(2)(b). Pagaduan argues that the lesser remedies available under Philippine law contravene United States policy to provide special solicitude to seamen under the Jones Act. The New York Convention's emphasis on enforcing international arbitral awards and "considerations of reciprocity" requires that the "public policy defense should be construed narrowly." *Parsons*, 508 F.2d at 973-74. Nonenforcement pursuant to this provision must "encompass only those circumstances where enforcement would violate our most basic notions of morality and justice." *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 411 (2d Cir. 2009) (internal quotation marks omitted). Additionally, there is "well-established federal public policy in favor of arbitration," and "improper collateral litigation" may itself "seriously . . . undermine" national policy. *Id.* at 410. Here, even assuming that Pagaduan's recovery was lower under Philippine law than it might have been under the Jones Act, nothing about the award was so contrary to federal public policy as to "violate our most basic notions of morality and justice." *Id.* at 411 (internal quotation marks omitted). Federal public policy is not violated merely because foreign law would provide a lesser or different remedy in a particular area of the law. Therefore, Article V(2)(b) is also inapplicable.

We have considered Pagaduan's remaining arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3