Men Women N.Y. Model Mgt., Inc. v Elite Model Mgt. - N.Y. LLC (2020 NY Slip Op 02984)





Men Women N.Y. Model Mgt., Inc. v Elite Model Mgt. - N.Y. LLC


2020 NY Slip Op 02984


Decided on May 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2020

Acosta, P.J., Renwick, Webber, Gesmer, JJ.


157627/19 11556N 11555 11554 11553

[*1] Men Women N.Y. Model Management, Inc., et al., Plaintiffs-Appellants-Respondents,
v
Elite Model Management - New York LLC, et al., Defendants, Sergio Leccese, Defendant-Respondent, Dana Cooper, et al., Defendants-Respondents-Appellants.


Quinn Emanuel Urquhart & Sullivan, LLP, New York (Alex Spiro of counsel), for appellants-respondents.
Davis & Gilbert LLP, New York (David Fisher of counsel), for Sergio Leccese, respondent.
Wrobel Markham LLP, New York (Daniel F. Markham of counsel), for Dana Cooper, Heather Hughes and Miguel Avalos, respondents.
Reppert Kelly & Vytell, LLC, New York (Christopher P. Kelly of counsel), for James Tinnelly, Jennifer Rubinetti Zafaranloo and Michael Bruno, respondents.



Orders, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about November 8, 2019, which, insofar as appealed from as limited by the briefs, denied plaintiffs' motion for a preliminary injunction as against defendant Sergio Leccese, granted defendants Dana Cooper, Heather Hughes, and Miguel Avalos's and defendants James Tinnelly, Jennifer Rubinetti Zafaranloo, and Michael Bruno's (the Model Manager Defendants) motions to vacate the preliminary injunction prohibiting them from soliciting plaintiffs' models or employees, and granted Leccese's motion to vacate the temporary restraining order, unanimously affirmed as to the Model Manager Defendants' and Leccese's motions, and appeal therefrom to the extent it denied plaintiffs' motion dismissed, without costs, as moot. Appeal from order, same court and Justice, entered August 26, 2019, which granted plaintiffs' motion for the aforesaid preliminary injunction against the Model Manager Defendants, unanimously dismissed, without costs, as abandoned.
Plaintiffs allege that their former employees, the Model Manager Defendants and defendant Leccese, resigned their employment as part of a conspiracy to steal talent (employees and models) from plaintiffs, in violation of the non-solicitation covenants in their employment agreements. Defendants seek to vacate certain provisional relief awarded to plaintiffs, on the ground that plaintiffs failed to timely commence arbitrations, as required by CPLR 7502(c).
CPLR 7502(c) authorizes courts to award provisional relief "in connection with an arbitration that is ... to be commenced" where "the award to which the applicant may be entitled may be rendered ineffectual without such ... relief." However, the applicant is required to [*2]commence arbitration within 30 days of receiving the provisional relief, or else "the order granting such relief shall expire and be null and void and costs, including reasonable attorney's fees, awarded to the respondent" (id.).
CPLR 7502(c) applies to the instant dispute because the subject provisional relief was entered in aid of arbitration. There is no independent cause of action for injunctive relief (see Talking Capital LLC v Omanoff, 169 AD3d 423, 424 [1st Dept 2019]), and it is undisputed that plaintiffs' underlying breach of contract claim is subject to mandatory arbitration.
Although defendants' employment agreements also provide for provisional injunctive relief, the purpose of these provisions was not to create an independent right to such relief regardless of whether plaintiffs' underlying claims were ever actually arbitrated. Rather, the purpose of the injunctive relief clause here was to streamline the process of obtaining provisional relief in aid of arbitration by effectively conceding that the non-solicitation provisions were "reasonable and necessary" and that breach would result in "irreparable injury."
Plaintiffs failed to demonstrate good cause to extend the time in which to commence arbitrations. Even if substitution of counsel would constitute good cause under other circumstances, it does not constitute good cause here, where the substitution came after the subject deadline had already expired and defendants had already moved to vacate. Moreover, there is no evidence in the record, such as a sworn statement from prior counsel, to support plaintiffs' assertion that counsel believed that CPLR 7502(c) was not applicable. Nor is it clear that such a belief would have been reasonable.
In view of plaintiffs' release of Leccese from his non-solicitation obligations, we dismiss as moot the portion of this appeal related to the preliminary injunction against Leccese.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2020
CLERK