| **SkyX Group Inc v Foundation for a Smoke Free World** |
|:---:|
| 2024 NY Slip Op 34550(U) |
| December 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656417/2023 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

SKYX GROUP INC, LOFT LABS, LLC, MARTIN STEINBAUER

                                Plaintiffs,

                      - v -

FOUNDATION FOR A SMOKE FREE WORLD, PAMELA J PARIZEK, HEIDI GOLDSTEIN,

                           Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 656417/2023 |
| **MOTION DATE** | 03/26/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 21, 22, 23, 24, 25, 26, 27, 28, 29, 33, 36, 37, 38, 39, 40, 41, 42

were read on this motion to            DISMISS                       .

      Plaintiffs, SkyX Group (hereafter "SkyX"), Loft Labs LLC, and Martin Steinbauer (collectively, "Plaintiffs"), allege that Defendants, Foundation for a Smoke-Free World (hereafter "FSFW") and two members of FSFW leadership, Pamela J. Parizek and Heidi Goldstein (together "Foundation Individuals") (collectively, "Defendants"), (1) misappropriated and misused SkyX's confidential and proprietary information and trade secrets, (2) were unjustly enriched with the trade secrets, (3) committed fraud, (4) breached a fiduciary duty, and (5) that the Plaintiffs are entitled to preliminary injunctive relief.  Defendants move pursuant to CPLR 3211(a)(1) and (7) to dismiss the Amended Complaint.  Plaintiffs cross-move for leave to file a proposed Second Amended Complaint.

      For the reasons set forth below, Defendants' motion is granted, and Plaintiff's motion is denied.

**656417/2023   SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL**      **Page 1 of 15**
**Motion No.  002**

1 of 15

## BACKGROUND

SkyX, a Delaware corporation, is a biotechnology and medical device company that is the sole owner of Loft Labs LLC and does business in New York (NYSCEF 6 ["FAC"] at ¶ 2). According to the Amended Complaint, SkyX is a leader in the research and development of environmental and sustainability solutions, resulting in the commercialization of a host of inventions relating to Electronic Nicotine Delivery System ("ENDS") products, wholly independent of the tobacco sector (*id.*). SkyX and its principal, Martin Steinbauer (hereafter "Steinbauer"), are alleged to be widely regarded as experts in the field of sustainability and have been invited to present topics at different institutes and forums, including at the Food Drug and Law Institute ("FDLI"), the Global Forum on Nicotine ("GFN"), Smither's ENDS US, and the Next Generation Nicotine Conference (*id.* at ¶6; NYSCEF 37 ["Steinbauer Aff"] at ¶¶ 3-4).

FSFW is a Delaware not-for-profit corporation with the stated purpose of "improving global health by ending smoking in this generation" (FAC at ¶ 3). FSFW funds the Tobacco Transformation Index ("TTI"), which monitors the activities of tobacco companies (*id.*).

Plaintiffs allege that on October 20, 2022, after Steinbauer gave a presentation at the annual FDLI conference, certain FSFW's representatives—then Co-President Heidi Goldstein ("Goldstein") and Chair of the Board of Directors Pamela Parizek ("Parizek")—approached Steinbauer and another SkyX principal, Robert Murtfeld ("Murtfeld"), to discuss the diversification of FSFW funding and to solicit a research proposal on the topic of sustainability and waste management of Reduced-Risk Products ("RRPs") (FAC at ¶ 8). Plaintiffs allege that FSFW solicited SkyX for this proposal as they were interested in the Plaintiffs' expertise and were looking to expand into the area (*id.*).

**656417/2023   SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL**          **Page 2 of 15**
Motion No.  002

2 of 15

According to the Amended Complaint, after the initial solicitation in October 2022, Parizek invited Plaintiffs to a Christmas party in New York City and a subsequent dinner to further encourage and build the relationship between the two parties. Parizek emphasized the expectation to receive a submission (*id.* at ¶ 9). On December 20, 2022, Plaintiffs submitted their proposal (hereafter "the December Proposal") via email to Co-Presidents Goldstein and David Janazzo (*id.* at ¶¶ 9-10; NYSCEF 14). Notably, the December Proposal is not marked "confidential" (NYSCEF 14). Goldstein acknowledged receipt of the December Proposal via email outlining the acceptance of the proposal as solicited or as responsive to a Request for Proposals (RFP) that FSFW planned to issue on the topic of electronic waste in early 2023 (FAC at ¶¶ 9-10*).*

On February 6, 2023, FSFW issued an RFP (the "February RFP") which incorporated language from the December Proposal without any prior agreement from the Plaintiffs to do so (*id.* at ¶¶ 11, 17-30). In this February RFP, Defendants stated that the Foundation will work to ensure that "any materials made public will not disclose protected information" (Steinbauer Aff. at ¶ 16; NYSCEF 15 at 6). Following this RFP, Defendants assured other organizations that all proposals would be treated as confidential and would not be shared (Steinbauer Aff. at ¶17). Plaintiffs allege that while they noticed the inclusion of language from their December Proposal, they did not complain because they took it as a good sign that the RFP was "tailor made for SkyX" (*id.* at ¶ 7).

Plaintiffs again submitted materials on March 10, 2023, as a response to the February RFP (the "March Proposal") which fine-tuned the December Proposal and requested $2,826,311.00 in grant funding (FAC at ¶12). On March 14, 2023, Goldstein responded to the Plaintiffs' submission acknowledging receipt (*id.*).

**656417/2023  SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL**      **Page 3 of 15**
Motion No.  002

3 of 15

[* 3]

Plaintiffs allege that their December and March Proposals contained approaches and methods that are proprietary to SkyX which have been internally developed over the years using prior experiences (*id.* at ¶13). These approaches were not previously publicly available and were only ever circulated in full to a limited number of SkyX team members (Steinbauer Aff. at ¶¶ 9, 13).

On May 8, 2023, Plaintiffs were informed by Goldstein that they would not be moving forward with their proposal "in part based on the recommendation of [FSFW's] independent peer review panel" (FAC at ¶14-15). The February RFP concluded with the awarding of a grant to Idwala Research. Plaintiffs allege that Idwala Research is a company that has a close relationship with TTI (which is funded by the Foundation) and whose principal was an active participant in the TTI and Foundation matters during the time in which the proposal was initially solicited from SkyX (*id.* at ¶¶ 37-38).

Following the submission of their Proposals, Plaintiffs allege that they discovered and raised concerns to Parizek that FSFW used and continues to use the Plaintiffs' intellectual property and methodologies contained in the Proposals without permission. Specifically, Plaintiffs allege that the documents that are largely based on misappropriated intellectual property and methodologies developed by Plaintiffs are: (i) the RFP titled "Management of Waste Materials from Reduced-Risk Products: Issues and Solutions" issued on February 6, 2023; and (ii) the TTI RRP Supply Chain Landscape Study, Phase 1: Raw Materials, published on May 9, 2023 (the "TTI Report"), of which four more phases are planned to be published (*id.* at ¶¶ 16, 40-41).

According to the Amended Complaint, after these issues were raised to Parizek, Defendants removed from FSFW's website a section dealing with the grant to Idwala Research.

**656417/2023   SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL**          **Page 4 of 15**
**Motion No.  002**

4 of 15

Parizek also responded to Plaintiffs via email on May 11, 2023 stating that they would "get to the bottom of this" as soon as possible (*id.* at ¶¶ 40-41). On May 23, 2023, Plaintiffs informed Defendants that they had information from a whistleblower within FSFW confirming that the RFP was a rigged competition as the work stream had been contracted out in May 2022 with the approval of the TTI report (*id.* at ¶ 42; Steinbauer Aff. at ¶ 19). Plaintiffs allege that the whistleblower informed them that FSFW's then Co-President who has since been terminated, David Janazzo, instructed TTI to plagiarize Plaintiffs' proposals after the February RFP process concluded (FAC at ¶ 42). Plaintiffs allege that the TTI Report produced from this plagiarism was published in early May 2023, and cited research and interviews starting as early as when the RFP Process ended (*id.*).

After Plaintiffs raised their concerns with Defendants, Defendants conducted an investigation. Specifically, Parizek informed Plaintiffs on May 23, 2023, that "we have an independent committee of the board responsible for this review and will be supported by outside counsel." Ultimately, however, Defendants informed Plaintiffs that they had determined that no foul play was involved and no findings of plagiarism were made (*id.* at ¶ 43). Plaintiffs allege that this conflicts with Parizek's statement to them in September 2023 that there was a "mess" at FSFW and the next steps would be to "settle" whereafter Plaintiffs could then reapply for the relevant grants (*id.*).

Plaintiffs further allege that Defendants deliberately tried to destroy Plaintiffs' business by soliciting SkyX principal Murtfeld to join FSFW as a development director beginning in January 2023 until he declined in April 2023 when the Plaintiffs' March Proposal was still "under review" (*id.* at ¶ 44). Plaintiffs allege that Defendants never intended to conduct a

**656417/2023 SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL** Page 5 of 15
Motion No. 002

5 of 15

legitimate RFP, but instead only represented so much to Plaintiffs so as to induce Plaintiffs to turn over their valuable proprietary and confidential information (*id.* at ¶ 45).

Plaintiff filed the Complaint on December 21, 2023. On February 15, 2024, they filed the Amended Verified Complaint. The FAC contains five causes of action: (1) unjust enrichment, (2) fraud, (3) misappropriation of trade secrets, (4) breach of fiduciary duty, and (5) preliminary injunctive relief. Defendants moved to dismiss the FAC in its entirety, and Plaintiffs cross-moved for leave to file a Proposed Second Amended Complaint, which largely incorporates the substance of the Steinbauer Affidavit submitted in opposition to the instant motion.

## DISCUSSION

On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a claim, the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). "A motion to dismiss pursuant to CPLR 3211(a)(1) should be granted only where the documentary evidence that forms the basis of the defense utterly refutes the plaintiff's factual allegations, and conclusively disposes of the plaintiff's claims as a matter of law" (*Nero v Fiore*, 165 AD3d 823, 826 [2d Dept 2018]).

Because the core contention in the amended complaint relates to Defendants' purported misappropriation of Plaintiffs' confidential information, the Court will begin with addressing the sufficiency of those allegations.

### I. Misappropriation of Trade Secrets (Third Cause of Action)

To state a claim for misappropriation of trade secrets a plaintiff must demonstrate: (1) that it possessed a trade secret and (2) that the defendants used that trade secret in a breach of a

**656417/2023 SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL** **Page 6 of 15**
Motion No. 002

6 of 15

confidential relationship or duty (*Schroeder v Pinterest Inc.*, 133 AD3d 12, 27 [1st Dept 2015],

citing *North Atl. Instruments, Inc. v Haber*, 188 F3d 38, 43-44 [2d Cir 1999]). A "trade secret" is

"any formula, pattern, device or compilation of information which is used in one's business, and

which gives him an opportunity to obtain an advantage over competitors who do not know or use

it (*Wiener v Lazard Freres & Co.,* 241 AD2d 114, 123 [1st Dept 1998]). In deciding a plaintiff's

trade secret claim, courts will consider:

> (1) the extent to which the information is known outside of [the] business; (2) the
> extent to which it is known by employees and others involved in [the] business,
> (3) the extent of measures taken by [the business] to guard the secrecy of the
> information; (4) the value of the information to [the business] and [its]
> competitors; (5) the amount of effort or money expended by [the business] in
> developing the information; (6) the ease or difficulty with which the information
> could be properly acquired or duplicated by others

(*Ashland Mgt. v Janien*, 82 NY2d 395, 407 [internal quotation marks and citations omitted]).

What these considerations demonstrate is that a trade secret must first of all be secret (*id.*).

Whether information is secret is generally a question of fact (*see id.* [affirming motion to dismiss

claim for trade secret misappropriation in view of the ease with which others could acquire and

duplicate the information]).

Here, affording the complaint a liberal construction (*see Leon*, 84 NY2d at 87), Plaintiffs

fail to allege a viable cause of action for misappropriation of trade secrets primarily because they

fail to allege that they had any "trade secrets." While Plaintiffs allege that their proposals were

developed internally and based on personal experience and not publicly available data, they fail

to sufficiently allege that there were proper measures taken to ensure the information was kept

secret (NYSCEF 38 at ¶ 3; FAC at ¶ 13). While Plaintiffs allege that they took steps to maintain

confidentiality within SkyX by limiting access to the full proposals and requiring contractors to

sign Non-Disclosure Agreements ("NDAs"), they failed to keep the "approaches and

**656417/2023   SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL**          **Page 7 of 15**
Motion No.  002

7 of 15

methodologies" secret when they emailed the December Proposal to FSFW without any protections or confidentiality markings (Steinbauer Aff. at ¶ 9; NYSCEF 29 at 4; *see generally Edelman v Starwood Capital Group, LLC*, 70 AD3d 246, 249 [1st Dept 2009] [finding that a misappropriation of proprietary information fell short because plaintiffs did not allege that there was sufficient precautionary measure taken to ensure the information remained secret, there was no written confidentiality agreements, and an oral assurance of confidentiality was unenforceable]). In voluntarily emailing the December Proposal without any confidentiality or security measures, the Plaintiffs released their "methods and approaches" in the Proposals from any trade secret protection (*see generally Schroeder*, 133 AD2d at 28 [finding that disclosing a trade secret to others who have no obligation to protect the confidentiality defeats any claim that the information is a trade secret]). This surrendering of trade secret protection would then also encompass the purported trade secrets within the February Proposal as it was just a "fine-tuning" of the December Proposal (FAC at ¶ 12; NYSCEF 16; NYSCEF 14).

Second, Plaintiffs insufficiently allege the "trade secrets" with the requisite specificity to make a misappropriation claim. To survive a motion to dismiss a misappropriation of trade secret claim, the plaintiff must put forth specific allegations as to the information owned and its value (*Elsevier Inc. v Doctor Evidence, LLC*, 2018 WL 557906, at *4 [SDNY Jan 23, 2018]). While it is not necessary to disclose every detail, the allegations should do more than simply generally list categories of information (*id.* at 6).

Here, the Amended Complaint alludes to approaches and methodologies that are "proprietary", "internally developed", and "informed by previous experience." (FAC at ¶¶ 13, 58). The accompanying Steinbauer Affidavit further alleges that the Proposals in their entirety constitute trade secrets as they "outline exact steps, studies and insights" and breaks down the

**656417/2023   SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL          Page 8 of 15**
**Motion No.  002**

8 of 15

[* 8]

Proposals into a list of topics (Steinbauer Aff. at ¶13). Absent from the pleading, though, is a sufficient description of the methods or approaches that would elevate it to the standard of trade secret.

The reference to approaches and methodologies to develop a "scientific knowledge base" on the topics of manufacturing, collection of electronic waste, and invention in the area of sustainability in the Amended Complaint is not sufficient to state a claim for misappropriation of trade secrets (*see Sapir v Rosen,* 2021 WL 4482277 [SDNY Sept 30 2021] [finding that invocation of proprietary methods and formulas is insufficient without explanation of how those methods function or the purpose for which they are used]). The Steinbauer Affidavit does not materially add substance to the pleading as it mainly just breaks down some of what is contained in the Proposals into differing categories (*see Elsevier*, 2018 WL 557906 [finding that although the complaint specifically identified tools and methods alleged as trade secrets, the claim failed to do more than list general categories of information and could not survive a motion to dismiss]). In any event, it is the Proposals (not the supplementation in the affidavit) that contain the purported trade secrets sent to Defendants.

Plaintiffs allege that knowledge base would be "achieved by gathering metrics across not only industry technologies and geographies, but also in relation and comparison to traditional combustibles, and then distilling these topics into actionable policy solutions" (FAC ¶13). Critically, however, the "gathering" and "distilling" has not been done, but rather is contingent upon someone taking action in the future, which may or may not lead to solutions in the sustainability space and/or products. Even assuming for purposes of this motion that the research plan—in the form contained in the Proposals—is creative or provocative, it does not rise to the level of a trade secret (*see Forest Labs., Inc. v Lowey*, 218 USPQ 646 [Sup Ct,

[* 9]

Westchester County 1982], *affd*, 106 AD2d 368 [2d Dept 1984] ["[U]ndeveloped ideas and plans concerning future improvements in the [plaintiff's] process are not protectable as trade secrets"]; *TNS Media Research, LLC v TRA Glob., Inc.*, 977 F Supp 2d 281, 315 [SDNY 2013] ["[I]nformation consisting simply of business possibilities or goals is not a trade secret."]).

And while Plaintiffs' expert focuses on the novelty and potential impact of the Proposals, asserting that the "approach delineated [in the Proposals] would be a first study of its kind," that "Plaintiffs' Proposals represent a critical missing piece in the research landscape in the ENDS industry" (NYSCEF 38 ["McAuley Aff."] ¶¶ 4, 8), novelty or potential significance to future development by others, on their own, are not sufficient to state a trade secret claim.

Accordingly, taking Plaintiffs' factual allegations as true, the Court concludes that Plaintiffs have failed to state a viable cause of action for misappropriation of trade secrets.

## II. Fraud (Second Cause of Action)

To state a claim for fraud a plaintiff must allege (1) misrepresentation or material omission of fact which was false, (2) knowledge of falsity, (3) made for the purpose of inducing reliance, (4) justifiable reliance, and (5) damages (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011]). In a fraud action, the circumstances constituting the wrong shall be stated in detail (CPLR § 3016).

Here, Plaintiffs have failed to sufficiently plead a fraud claim. The claim rests on allegations that Defendants "led Plaintiffs to believe that they were competing in a genuine RFP" and told Plaintiffs they were "in the running to secure a significant grant," but "[u]pon information and belief, Defendants never intended to conduct a legitimate RFP, but instead, only represented so much to Plaintiffs so as to induce Plaintiffs to turn over their valuable proprietary and confidential information" (FAC at ¶¶53-55). Their allegations in support of this theory are

**656417/2023  SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL**          **Page 10 of 15**
Motion No.  002

10 of 15

that (i) Defendants already contracted out the work covered by the RFP to Euromonitor in May 2022 (*id*. at 10); and (ii) needed Plaintiffs' trade secrets to "forward the sustainability mandate of the [] Foundation." (NYSCEF 41, Opp. at 9.)

First, allegations made on information and belief are a weak—and often legally "insufficient" —basis for asserting a fraud claim with the requisite specificity (*Cimen v HQ Capital Real Estate L.P.*, 227 AD3d 587, 588 [1st Dept 2024]).  Second, representations of future intent are "non-actionable" where there are "no allegation[s] that would support an inference that the representations were made with a present intention that they would not be carried out" (*Papp v Debbane*, 16 AD3d 128 [1st Dept 2005]).  Plaintiffs' fraud claim assumes that Defendants knew in advance that Plaintiffs' ultimate proposal would contain valuable trade secrets worth misappropriating (which, as noted above, they did not), yet plead no facts to support this advance knowledge.  Even assuming for present purposes that "[t]he workstream had in fact already been contracted out to [TTI] as of May 2022" (FAC ¶53; Steinbauer Aff. at ¶ 19), the RFP process concluded with Defendants' awarding the grant to another party, Idwala (which purportedly had a "relationship" with TTI).  In these circumstances, Plaintiffs have failed to plead allegations which, if true, lead to the conclusion that Defendants determined in advance to preclude Plaintiffs from having an opportunity to receive the grant.

Furthermore, Plaintiffs allege that they did not complain about the February RFP's similarities to their December Proposal because they interpreted that to mean that the RFP process was "tailor-made" *for Plaintiffs* (Steinbauer Aff ¶7)—suggesting satisfaction with a biased process as long as it was biased in favor of Plaintiffs.  In any event, these events demonstrated that Defendants were not protecting Plaintiffs' purportedly confidential information from disclosure to others through the RFP process.  It was only after the grant was

656417/2023   SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL            Page 11 of 15
Motion No.  002

11 of 15

awarded to a different party that Plaintiff sought to re-characaterize the entire process as fraudulent.

Plaintiffs have also failed to adequately allege justifiable reliance. To plead reliance, the plaintiff must allege that they were induced to act or refrain from acting to its own detriment as a result of the false representation (*Ideal Steel Supply Corp. v Anza*, 63 AD3d 884, 884 [2d Dept 2009]). Plaintiffs do not identify any particular representations about the process on which they justifiably relied. Indeed, as noted above, they sent their proposals in initially with no confidentiality designations and continued with the process without objection after becoming aware that their ideas were incorporated into an RFP that was distributed to other applicants. Plaintiffs do not adequately plead that they justifiably relied on any particular representations about the selection process in making the decision to provide their Proposal to Defendants. Accordingly, Plaintiffs' fraud claim is dismissed.

### III. Unjust Enrichment (First Cause of Action)

Plaintiffs' unjust enrichment claim is duplicative of their trade secrets claim and/or fraud claim because it is based on the same underlying facts and Plaintiffs do not explain how these claims differ from each other (*see Corsello v Verizon N.Y., Inc.*, 18 NY3d 777, 790 [2012], *rearg denied* 19 NY3d 937 [2012] ["An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim"]; *1010Data, Inc. v Firestone Enterprises, Inc.*, 2011 WL 11400927 [Sup Ct, NY County 2011] ["The unjust enrichment counterclaim is duplicative of the breach of contract counterclaim and the claims for misappropriation of trade secrets"]; *Sure, Inc. v Boost Ins. USA, Inc.*, 2022 NY Slip Op 31523[U], 11 [Sup Ct, NY County 2022][finding that misappropriation claims and unjust

**656417/2023   SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL**                **Page 12 of 15**
**Motion No.  002**

[* 12]

12 of 15

enrichment claims based on the same facts with no distinction is made by the plaintiff should be dismissed]. Accordingly, the claim for unjust enrichment is dismissed.

### III. Breach of Fiduciary Duty (Fourth Cause of Action)

Defendants' motion to dismiss the Plaintiffs' breach of fiduciary duty is granted. Plaintiffs allege that FSFW owed the Plaintiffs a fiduciary duty after fostering a close-knit relationship beyond a mere "arm's length business transaction." (FAC at ¶¶ 62-63).

To state a claim for breach of fiduciary duty, plaintiff must state with particularity facts demonstrating that (1) the defendant owed them a fiduciary duty, (2) the defendant committed misconduct, and (3) they suffered damages caused by that misconduct (*NY Mar. & Gen. Ins. Co. v Wesco Ins. Co.*, 213 AD3d 461, 462 [1st Dept 2023]). To transform an arms-length conventional business relationship into a fiduciary one, there needs to be a showing of "special circumstances" such as control of one party by another for the good of the other or creation of an agency relationship (*L. Margarian & Co., Inc. v. Timberland Co.*, 245 AD2d 69, 70 [1st Dept 1997]) or ongoing and extensive conduct between parties (*Weiner v Lazard Freres & Co.*, 241 AD2d 114, 123 [1st Dept 1998]).

Plaintiffs have not sufficiently alleged that the relationship between the parties is anything more than an arm's length business relationship. Throughout the Complaint, Plaintiffs allege that the Defendants "had no experience" and "lacked expertise" (FAC at ¶¶8, 15). These allegations show that there is no superiority on the side of the Defendants that would have created a "special circumstance." Furthermore, unlike in *Weiner*, Plaintiffs only allege a relationship wherein there were several arms-length discussions about the submission of a grant proposal. This relationship is not extensive enough to give rise to a fiduciary duty, and therefore, the motion to dismiss this claim is granted.

**656417/2023   SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL**          **Page 13 of 15**
**Motion No.  002**

13 of 15

### IV. Preliminary Injunctive Relief (Fifth Cause of Action)

Plaintiffs' Fifth Cause of Action (preliminary injunctive relief) is dismissed. A preliminary injunction is a form of relief, not an independent cause of (*Men Women N.Y. Model Mgt., Inc. v. Elite Model Mgt.-New York LLC,* 183 AD3d 501, 502 [1st Dept 2020] citing *Talking Capital LLC v Omanoff*, 169 AD3d 423, 424 [1st Dept 2019]; *319 Smile Corp. v. Forman Fifth LLC*, 2005 NY Slip Op 30608[U], 1-2 [Sup Ct, NY County 2005] [dismissing a claim for a preliminary injunction as it was a provisional request for relief not a cause of action]).

### VI. Plaintiffs' Cross-Motion for Leave to File Second Amended Complaint

Plaintiffs' cross-motion for leave to file the Second Amended Complaint is denied. Here, the proposed Second Amended Complaint adds information from the Steinbauer Affidavit and seeks to add two new causes of action: misappropriation of ideas and unfair competition/misappropriation of skills and expenditures. The Court has considered the Steinbauer Affidavit in deciding the motion to dismiss, and finds – as noted above – that it does not remedy the defects in the pleading. Accordingly, an amendment to add those allegations would be futile. Additionally, the request to add two additional causes of action is denied as these proposed new claims are duplicative of the claims currently in the complaint.

*    *    *    *

Accordingly, it is

**ORDERED** that Defendants' motion to dismiss the operative Amended Complaint is **GRANTED** and Plaintiffs' cross-motion for leave to amend is **DENIED**; it is further

**ORDERED** that the parties upload to NYSCEF a copy of the oral argument transcript upon receipt.

**656417/2023   SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL**      **Page 14 of 15**
**Motion No.  002**

14 of 15

This constitutes the Decision and Order of the Court. The Clerk is directed to enter judgment in favor of Defendants in accordance with this decision, with taxable costs, upon submission by Defendants of a proposed judgment and bill of costs in acceptable form.

20241220150124MC0HENC1977ABFCC7049D3BBBA73A811FF7AD5

**12/20/2024**
_____
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**656417/2023   SKYX GROUP INC ET AL vs. FOUNDATION FOR A SMOKE FREE WORLD, ET AL**          Page 15 of 15
Motion No.  002

15 of 15